HAHNE REALTY CORPORATION, A CORPORATION OF THE STATE OF VIRGINIA, AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Argued May 20, 1937—Decided September 22, 1937.

For the plaintiff-appellant, *Lum, Tamblyn & Fairlie* (*John M. Leavens,* of counsel).

For the defendant-respondent, *Frank A. Boeltner* (*Walter B. Reilly,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The sole question raised by this appeal concerns the right of a taxpayer, who has paid taxes as assessed, though he disputes the amount of the assessment, to have interest on tax moneys refunded by the taxing district when the valuations fixed by the taxing districts have, on taxpayer's appeal, been reduced by reviewing tax tribunals.

Taxes were levied on the property of the plaintiff corporation for the year 1934. The plaintiff paid the tax during the year 1934 in quarterly installments, pursuant to the provisions of the General Tax act of 1918. *Pamph. L., p.* 847, as supplemented and amended. The taxpayer appealed to the Essex county board of taxation, where its appeals were dismissed without prejudice, and further appealed to the state board of tax appeals, which reduced the valuation and corrected the assessments. The result was that the taxes paid by the plaintiff for 1934 were reduced by the sum of $16,454.20. The defendant taxing district tendered the plaintiff this amount which the plaintiff refused to accept unless interest on the over-payment was added. This was refused by the taxing district. Suit at law was instituted in the Supreme Court and the trial judge held that the plaintiff should have a judgment for the amount of the over-payment but without interest.

It is argued by the plaintiff-appellant that the obligation to refund carries with it the right to have interest on the amount abated and, on the other hand, the respondent municipality argues that interest cannot be recovered when taxes are abated unless the statute provides for it.

The appellant, in support of its position that interest should be allowed on the amount of taxes abated, relies on the cases

of *Jersey City* v. *Riker,* 38 *N. J. L.* 225; *Jersey City* v. *O'Callaghan,* 41 *Id.* 349, and *Ocean Grove, &c.,* v. *Bradley Beach,* 91 *Id.* 364. We do not consider these cases applicable.

In the Riker case plaintiff had been assessed for benefits resulting from the construction of a sewer. He paid the assessment and, subsequently, on *certiorari* prosecuted by him, the assessment proceeding was set aside and a reassessment ordered wherein a much smaller assessment was fixed. He brought suit to recover the difference between what he had paid under the first assessment and the amount fixed on reassessment. The plaintiff's claim was resisted on the ground that he had voluntarily paid the tax assessed and could not maintain a suit for reimbursement.

The court held that the payment first made, having nothing either in theory or in fact upon which to rest, *i. e.,* the proceeding under which it was collected having been set aside, the plaintiff was entitled to recover and, the assessment being vacated by judicial action, an assumption was raised under the law to refund the money. The question of interest was not involved.

The O'Callaghan case was decided on like principles, but the plaintiff's claim in that case was even stronger and the action was to recover the amount, with interest, of an assessment paid by the plaintiff to the municipality. An amount was assessed for benefits to the property of the plaintiff also because of the construction of a sewer. A second taxpayer assailed the validity of the proceedings and, on *certiorari,* the assessment as to him was set aside. Then the city, on its own motion and under the statute, caused the entire assessment proceeding to be vacated and started anew with the result that the second assessment levied against the plaintiff for benefits was about $1,000 less than the previous one which he had paid. The plaintiff sued to recover the difference between the first and second assessment. There, too, the court found that the defendant's right to keep the money had no foundation other than the assessment which the municipality, on its own motion, caused to be invalidated. The court allowed interest to the plaintiff in that case on the theory that

the money paid on the first assessment was demanded and received by the public without right and that the municipality had the constant duty to return the debt without demand.

The Ocean Grove case was held by our Supreme Court to be within the principle of the Riker case and a judgment for refund, representing over-payment of taxes, was allowed. Whether interest was added to the principal sum does not appear. The question is not discussed in the opinion although appellant's counsel informs us, in his brief, that the original records show that interest was allowed; but even so, it is clear that the question of the right to interest was not contested.

The question as to whether or not interest should be allowed on a partial abatement of taxes is a novel one in this state and the decisions elsewhere are in a state of great confusion. Judge Cooley, in his work on Taxation, fourth edition, section 1226, reports that "interest cannot be recovered on abatement unless the statute provides for it; nor costs." Again at section 1259 (page 2506), he reports, "the statutory obligation to refund carries with it the right to interest as a matter of course," citing *People, ex rel. Eckerson* v. *Board of Education, Town of Haverstraw,* 126 *N. Y. A. D.* 414. The cases on the question are fully summarized in 57 *A. L. R.* 357.

In Pennsylvania, interest, under these circumstances, is allowed by the courts on an abatement of taxes. "The weight of authority appears to be that, where the taxpayer is entitled to a refund on an excess payment of taxes, whether such right accrues by right of statute or not, the taxpayer is entitled to interest on the refund if no statute or public policy militates against it." *P. & R. Coal Co.* v. *School District of Borough of Tamaqua,* 156 *Atl. Rep.* 75. Such is the rule in the United States courts. *National Home for Disabled Volunteer Soldiers* v. *Parrish,* 229 *U. S.* 494. The rule is the same in New York and Massachusetts. *Matter of O'Berry,* 179 *N. Y.* 285: *Boott Cotton Mills* v. *Lowell,* 159 *Mass.* 383.

Our several tax statutes do not disclose, in express words, the answer to the question before us, so we must look for the legislative intention in the matter.

By the statute of 1891, page 394 (4 *Comp. Stat., p.* 5172, § 194), provision was made for the taxing authority to return any tax assessment, &c., paid in error, *without interest.* This statute was repealed by the act of 1931, page 1061, chapter 381. The act of 1903, page 413, chapter 208 (4 *Comp. Stat., p.* 5109), authorizes the return of taxes, *without interest,* where it happened that a parcel was twice assessed for the same year, or where the assessment was levied on the wrong property, or where a person pays the tax on the property of another, supposing it to be his own. This latter act does not appear to have been repealed by the 1918 revision. Again in the revision of 1918 (*Pamph. L.* 1918, *ch.* 236, *p.* 847) we find the following:

"703. Any taxpayer who shall file an appeal from an assessment against him may pay to the collector of the taxing district such portion of the taxes assessed him as he would be required to pay in the event of his appeal being sustained, and the collector shall accept such amount when tendered, and receipt for the same and credit the taxpayer therewith, and such taxpayer shall have the benefit of the same rate of discount on the amount paid as he would have on the whole amount."

This, we think, is indicative of legislative intent that abatement of taxes should not bear interest. The taxpayer has it in his power, if he intends to challenge the assessment, to pay on an assessment that he conceives to be just and it is the duty of the taxing authority to receive it and to give him the proportionate discount if payment is made in advance just as if payment of the assessment, as stated, was made in full. Where the taxpayer believes the assessment is too high he is under no compulsion to pay except the sum he admits to be due.

In this case, from the admitted facts, the taxpayer paid taxes on the quarterly due dates: the first day of February, May, August and November. These were the dates after which the taxes would become delinquent (*Pamph. L.* 1933, *ch.* 266, § 602) and after which interest would be added. But there was no compulsion about it. No demand was made

that the taxes be paid on the particular dates on which they were paid. Where the taxpayer, as here, pays the taxes called for by the assessment or valuation, though he disputes the amount thereof, in advance of a hearing of the appeal, it seems clear that the payment is voluntarily made and at the risk of the taxpayer. The assessment was not illegal *per se*. The valuation was too high—an error of judgment on the part of the assessor whose duty it is, under the statute, *supra* (section 202), to assess real and personal property at true value. The power to levy a proper tax was not wanting—there was no infirmity in the proceeding of making the assessment as was the situation in the cases upon which appellant relies. The excessive assessment was a mistake of fact. The appellant did not choose to retain that part of the tax money which it believed to be in excess of the true valuation, as it might have done legally, and litigate about the excess. It elected to pay first and litigate later. Under these circumstances, we do not think the amount of taxes abated should carry interest.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, DEAR, WELLS, RAFFERTY, COLE, JJ. 12.

*For reversal*—HEHER, PERSKIE, WOLFSKEIL, JJ. 3.