94 N.J. Super. 210 (1967)
227 A.2d 530
713 COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF,
v.
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, THOMAS J. WHELAN, MAYOR OF JERSEY CITY, COUNCIL OF THE CITY OF JERSEY CITY, AND FRANCIS X. BEIRNE, TAX COLLECTOR OF THE CITY OF JERSEY CITY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 24, 1967.
*212 Mr. Jack Okin for plaintiff (Okin & Okin, Esqs., attorneys).
Mr. T. James Tumulty, Corporation Counsel, for defendants.
PINDAR, J.S.C.
The verified complaint herein is in lieu of prerogative writ in the nature of mandamus. An order to show cause issued why the relief should not be granted. R.R. 4:88-3, 4. Plaintiff 713 Corporation (713), a New Jersey corporation, seeks legal interest on overpayment of taxes by virtue of judgments entered against defendant City of Jersey City on April 29, 1966, by the State Division of Tax Appeals (Division) entitling 713 to a refund thereon. The judgments were not satisfied until January 20, 1967, or approximately nine months thereafter. The claim sought is as of and from *213 the afore-mentioned entry date. In addition, plaintiff names Thomas J. Whelan and Francis X. Beirne, Mayor and Tax Collector, respectively, as defendants.
For a clear understanding, it is necessary to set forth the following:
713, the owner of real estate in Jersey City, filed tax appeals pursuant to N.J.S.A. 54:2-33 et seq., for excessive tax assessments made upon its property. After extended litigation the Division decided in favor of 713 and entered the aforesaid judgments reducing the questioned assessments for the tax years 1959, 1960 and 1962. By these judgments the provisions of N.J.S.A. 54:2-43 (commonly referred to as the "Freeze Act") had similar effect for the years 1961, 1963 and 1964. The taxes for those years, in the sum of $1,044,900, were fully paid. The reduced assessments resulted in tax overpayments totalling $120,933.62. The sum paid by the city to and accepted by 713 on January 20, 1967 was $121,933.72, an amount $1,000.10 in the excess of the principal amount demanded. But such payment did not include interest and 713 reserved its right thereto, contending that failure to pay interest was unreasonable. Appropriation of the tendered overpayment was by way of resolution adopted by the City on January 17, 1967 pursuant to municipal procedure.
The contention of plaintiff is urged on the following ground: In June 1966 an officer of 713 telephoned the office of the City's collector of taxes regarding the refund of its overpayment. At that time 713 was advised to forward copies of the receipted bills for taxes paid, with copies of the judgments of Division. Its attorney did so by mail on July 12, 1966. His letter erroneously contained a demand for the return of overpayment for the year 1965 which was not then included in the judgments.
It appears that the parties thereafter agreed that the requested return of the overpayment would not include the year 1965, and so this is not here involved. On August 3, 1966, 713 by letter again demanded refund payment, excluding *214 the year 1965. The city disputes the stated time element and asserts adequate demand was not made until December 22, 1966, and alleges that for this reason the request of payment was not resolved until January 17, 1967, since the city council convened but twice a month.
As heretofore mentioned, the refund payment was made without interest on January 17, 1967. Except for the controversial time period, the related circumstances are not in dispute.
The basic issue before this court is whether a municipal corporation, in the absence of a statute or agreement, is liable to a taxpayer for interest on overpaid taxes, upon a judgment of the State Division of Tax Appeals from the date of entry of such judgment fixing the amount to be refunded. It is noted that the judgments establishing the right to a refund were not appealed within the time provided by our rules of procedure and are not now subject to attack. Further, plaintiff's claim of interest does not include any period prior to the entry date of the judgments. Both sides agree that there is no statute or agreement in respect to paying interest.
It is a well settled rule of law in New Jersey that interest is not recoverable on an abatement of a tax liability unless provision therefor is made by statute. Hahne Realty Corp. v. City of Newark, 119 N.J.L. 12 (E. & A. 1937); Borough of Edgewater v. Corn Products Refining Corp., 136 N.J.L. 664 (E. & A. 1947); Milmar Estate Inc. v. Borough of Fort Lee, 36 N.J. Super. 241 (App. Div. 1955); Safeway Trails Inc. v. Furman, 77 N.J. Super. 26 (Law Div. 1962); Universal C.I.T. Credit Corp. v. Borough of Paramus, 93 N.J. Super. 28 (App. Div. 1966).
In Milmar Estate, the municipality was held not to be subject to payment of interest from the date the corporation paid the over-assessment. In that case Judge Clapp, citing Borough of Edgewater v. Corn Products Refining Co. and Hahne Realty Corp. v. City of Newark, supra, considered three factors in determining that the Borough of Fort Lee should not be charged with interest.
*215 First, as to Hahne Realty Co., was his consideration of the illegality per se of the assessment. Second, that the taxpayer voluntarily paid, reserving the right to litigate at a later date. Finally, the court cited Edgewater for the proposition that the legislative intent in promulgating the Apportionment Act, R.S. 54:4-56, allowing payment of taxes in quarter-annual installments, would not subject a municipality to the payment of interest on the abatement of tax so as not to disarrange local budgets.
This court agrees with the analyses made in the above-cited cases and their application to Milmar Estate. However, those situations do not confront the court here as being the same or analogous problems. The cited cases involved questions of interest on a tax abatement from the date of payment of the tax, and are distinguishable from the case at bar. 713 concedes the principle set forth in cases of Hahne, Edgewater and Milmar Estate to the extent that no right exists to claim of interest at law against the city for tax assessments paid prior to entry date of the judgments. But plaintiff stresses its right to interest upon the tax overpayment from the date of judgment upon the equitable ground that the city unjustly withheld payment after the judgments were entered  not appealed and now unattackable. Thus, it must be considered that the city meaningfully accepted the Division judgments as final.
In its per curiam opinion in Universal C.I.T. Credit Corp. v. Borough of Paramus, supra, 93 N.J. Super., at p. 30, the Appellate Division adopted the holding in Brophy v. Prudential Insurance Co., 271 N.Y. 644, 3 N.E.2d 464 (Ct. App. 1936) (cited in Consolidated Police, etc., Pension Fund Commission v. City of Passaic, 23 N.J. 645, 654 (1957)):
"* * * [I]nterest is not ordinarily payable as damages for the improper withholding of funds by a governmental agency only when provided for by statute."
It should be noticed that in Universal C.I.T. Credit Corp., 90 N.J. Super. 435 (Law Div. 1966), there was disclosed an *216 agreement between the litigants to place the disputed funds in escrow, but without agreement as to who would receive interest for the period the money was held pending determination of the priority of claims. In view of the lack of an agreement or statute the Appellate Division reversed the allowance of interest by the Law Division. In Brophy v. Prudential Insurance Co., supra, relied upon by the Appellate Division as authority in Universal C.I.T. Credit Corp., the facts reveal that an appeal was taken upon the refusal of defendant to pay interest upon funds held in a trust account created for payment under the Workmen's Compensation Law; the beneficiary, having remarried, was given a lump sum award from the trust fund, less interest, as a final settlement. The widow claimed interest from the date of creation of the trust fund to the date of final settlement. Again, interest was not sought in either case for nonpayment after judgment. Turning now to the Consolidated Police, etc., Pension Fund case, supra, the demand for interest was rejected neither upon the lack of statutory right nor any agreement of the parties. The Supreme Court rejected payment of interest upon equitable grounds, holding that:
"Considerations of equity and fairness counsel against the allowance of interest in such circumstances, more especially since the delay in payments had reference to the period of transition and the resolution of constitutional issues raised in good faith." (23 N.J., at p. 655)
It is noticed, moreover, that the claim for interest in that case was premised upon past due contributions which were withheld pending final judicial determination. Conversely, the interest here claimed stems from entry of the judgments.
Exhaustive search by counsel and this court produces no case in our State precisely in point. However, a closely analogous Pennsylvania case which dealt with the question of interest due where there was a final judgment will be considered. In Koolvent Aluminum Awning Co. of Pittsburgh v. City of Pittsburgh, 192 Pa. Super. 650, 162 A.2d 256 *217 (Super. Ct. 1960), it was held, in the absence of a statutory right or agreement to recover interest from a municipal body, that
"[T]here is no authority which places a judgment for a specific sum in a tax refund case in a category apart from a judgment for a specific sum in any other kind of case against a municipality." (862 A.2d, at p. 257)
Law and equity now being merged under our practice and procedure, there is concurrent jurisdiction in the Superior Court. Thus, this court will exercise its equitable powers to reach a fair and just result. In the absence of available precedent, the proper course to be charted is one which has the polestar of justice as its point of reference. In deciding this issue as to interest the plainest and simplest considerations of justice and fair dealing must be the premise relied upon by this court. Cohrs v. Igoe Brothers Inc., 71 N.J. Super. 435 (App. Div. 1962); Agnew Co. v. City of Paterson Board of Education, 83 N.J. Eq. 49 (Ch. Div. 1914), affirmed o.b. 83 N.J. Eq. 336 (E. & A. 1914).
Recognizing that the valuation of property for the purpose of taxation is generally a matter of judgment incapable of mathematical precision, it is necessary that the assessing authorities exercise their discretion in arriving at such evaluation. Once the evaluation is made, whether correct or not, it must be used by the taxing authorities until changed by some lawfully prescribed means. In the present case the tax assessment was disputed by 713 as being excessive, but such taxes as were assessed were paid and the disputed valuation was duly prosecuted before the Division sitting as a quasi-judicial body. Both parties appeared there; presumably each argued the merits of the questioned tax assessments. Despite the Division judgments, the city retained the sum refundable from April 29, 1966 to January 20, 1967, to the exclusion of interest thereon.
It is obvious that the city, by withholding the questioned refund, benefited either by receiving interest on the money *218 retained, or by using said money to reduce occurring debts, thereby avoiding the payment of interest on credit. It is also clear that 713 lost the use of its own money which it could have used for investment or reduction of its own indebtedness. The question to be resolved at this point is, when did the retention of the refundable principal become wrongful as against plaintiff and subject to lawful interest?
When the assessments were reduced to final judgments the city must have been cognizant of the significant sum involved. It would be unconscionable to believe that, faced with having to pay back $120,933.62, it was not aware of every aspect of the case, including the matter of interest. From the time of the entry of the judgments, the city had the choice of satisfying the judgments within a reasonable time or to appeal. It did neither and elected to do nothing.
The city stresses as a ground for not paying interest that there was no sufficient demand for payment, averring particularly that initially 713 included the year 1965, thereby relieving its obligation to refund. Such a contention is without merit. Sufficient demand can be considered as made by the nature of the proceedings taken before the Division. Surely, these were conclusive as a demand upon entry of the judgments.
Furthermore, the city strenuously contends that to allow 713 to recover interest after judgment in this case would cause the floodgates of litigation to open against it, generally for interest on tax refunds. However, that would confront the city only if it should persist in similarly withholding payments of refunds for unreasonable periods of time after judgments entered against it. This court cannot soundly withhold judicial relief merely because of the impact its present ruling might have. This court, in its administration of justice, is not chargeable or accountable for the practices of the administration of governmental functions if such practices be unreasonable. Results that may flow from such conduct must be assumed by the municipality.
*219 Justice Beasley was confronted with the afore-mentioned contention in Mayor, etc., of Jersey City v. O'Callaghan, 41 N.J.L. 349 (E. & A. 1879). He said:
"It is said in the brief of counsel of the plaintiffs in error that the opposite rule is a hard one for cities, but the conclusive answer to this is the rule of honest dealing; and the legal system would seem much out of joint that would permit the retention of money after a judicial decision that the person with whom they were lodged had no legal right to them." (at p. 351)
The law endeavors to indemnify the party injured. In this case 713 was injured by the unreasonable retention of the refundable amount. The obligation to pay the Division judgments within a reasonable time became a duty chargeable to the city. By the Division judgments of April 29, 1966 it became judicially determined that the city no longer had a legal right to retain the $120,933.62 which then became due and owing to plaintiff. Judgments bear interest at 6% from the date of entry as a matter of usage and not of statute. Cohrs v. Igoe Bros. Inc., supra, at p. 448.
It is concluded that plaintiff is entitled to recover interest determined to be due on the refundable amount. The court, in its exercise of discretion upon equitable principles, will recognize reasonable delays caused by provisional rules of procedure and the mechanics of governmental procedure, and in that respect concludes that no right to interest should accrue until 75 days from the date of the judgments. Under that view, this court is allowing 45 days from date of the judgments, being the period the city had the right to fully consider the matter of appeal; in addition, the court allows a further period of 30 days after the expiration of time to appeal to facilitate the necessary and formal resolution to provide for payment of the refund. Therefore, a total of 75 days after the judgment date is allowed and adjudged as a reasonable period to withhold repayment. This court is cognizant, also, that public funds are here involved  a justifiable reason for the stated extended period for compliance. The *220 calculable interest is based on the overpayment of the sum of $120,933.62.
Accordingly, it is concluded that the unreasonable retention of monies due and owing upon the subject judgments after the afore-mentioned 75 days warrants the payment of legal interest at the rate of 6% per annum from July 14, 1966 until January 20, 1967, a period of 191 days. At the daily rate of $19.88, this produces the figure of $3,797.08. This must, however, be reduced by $1,000.10, which represents the amount of overpayment made by the city to 713. Crediting this overpayment, the total amount ordered to be paid is $2,796.98. A judgment for this amount will be entered in favor of plaintiff and against the city. It is further concluded that the order to show cause herein should be made absolute, and that upon entry of the adjudicated judgment defendants Whelan and Beirne are directed to render full compliance thereto within their respective authority.