LASSER, P.J.T.C.
Taxpayers prevailed in an action seeking refunds of taxes paid under the New Jersey retaliatory tax (insurance premiums tax), N.J.S.A. 17:32-15, and now seek post-judgment interest on the refunds granted in that action. The current action was instituted by the filing of a complaint in the Law Division of the Superior Court on October 29, 1984. The case was thereafter transferred to the Tax Court. The matter is now before the court on cross-motions for summary judgment.
Taxpayers are Massachusetts-based insurance companies licensed to do business in New Jersey. In Employers’ Fire Insurance Co. v. Taxation Div. Director, 5 N.J. Tax 326 (Tax Ct.1983), aff'd 6 N.J. Tax 613 (App.Div.1984), taxpayers’ claims for refunds were granted by Hon. Michael A. Andrew, Jr., J.T.C., in the amount of $158,474.69. A judgment was entered by the Tax Court on April 7, 1983, which was affirmed by the Appellate Division on May 30, 1984. Taxpayers seek post-judgment interest from April 7, 1983 to September 17, 1984 (the date of payment of the court-ordered refunds) at the rate of 12% per annum, pursuant to R. 4:42-11(a).
Taxpayers contend that R. 4:42-ll(a) applies to Tax Court judgments pursuant to N.J.S.A. 2A:3A-3, which provides that practice and procedure in the Tax Court shall be in accordance *46 with the rules of the Supreme Court.[1] R. 4:42-ll(a) states in relevant part: “Judgments, awards and orders for the payment of money and taxed costs shall bear simple interest on the amount of the award at 12% per annum from the date of entry, except as otherwise ordered by the court and except as may be otherwise provided by law.” In addition, taxpayers contend that the Director of the Division of Taxation is required to pay post-judgment interest because he did not seek a stay of the Tax Court judgment in the Appellate Division. Taxpayers do not seek pre-judgment interest, acknowledging that pre-judgment interest on a tax refund is not recoverable unless expressly authorized by statute.
The Director contends that the taxpayers are not entitled to post-judgment interest because:
1. Interest is not authorized by statute;
2. There was no claim made for interest in the prior law suit, and it is now too late to raise this issue, and
3. The State did not unreasonably delay the issuance of refund checks after the Appellate Division decision.
N.J.S.A. 54:49-14 provides for claims for state tax refunds but contains no provision authorizing the payment of interest on tax refunds.[2] N.J.S.A. 54:49-14 provides in its entirety as follows:
Any taxpayer, at any time within two years after the payment of any original or additional tax assessed against him, unless a shorter limit is fixed by the law imposing the tax, may file with the commissioner a claim under oath for refund, in such form as the commissioner may prescribe, stating the grounds therefor, but no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the commissioner or after proceedings on appeal have been commenced as provided in this subtitle, until such protest or appeal has been finally determined.
*47 R. 4:42-ll(a) was adopted in 1971, and the Supreme Court has held that this rule was validly adopted pursuant to the Court’s power to adopt rules governing the practice and procedure in the courts of this State. Busik v. Levine, 63 N.J. 351, 307 A.2d 571 (1973), app. dism. 414 US. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). This rule codified a judicial practice based on common usage.
It is a well-established principle that a governmental entity is not liable for interest as damages for the withholding of funds unless, by statute or contract, it has assumed that liability. In re Kaplan, 178 N.J.Super. 487, 498, 429 A.2d 590 (App.Div.1981). In United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1890), the Court stated that “[ijnterest ... is not to be awarded against a sovereign government, unless its consent to pay interest has been manifested by an Act of its Legislature, or by a lawful contract of its executive officers.” Id. at 217, 10 S. Ct. at 922. The unique characteristics of tax cases and the taxation system have resulted in greater emphasis being placed on this principle in tax refund cases. This policy is dictated by budgetary considerations and the need for predictability of revenues, as well as the doctrine that voluntary tax payments are made at the taxpayers’ risk and taxpayers are entitled only to such refund remedy as is specifically permitted by statute. Hahne Realty Corp. v. Newark, 119 N.J.L. 12, 17, 194 A. 191 (E. & A. 1937). The strong New Jersey policy against payment of interest on tax refunds has been enunciated in many New Jersey cases decided both before and after the 1971 adoption of R. 4:42-11(a). East Orange v. Palmer, 52 N.J. 329, 334, 245 A.2d 327 (1968); Frieman v. Randolph Tp., 185 N.J.Super. 152, 162-163, 447 A.2d 927 (App.Div.1982); Safeway Trails, Inc. v. Furman, 77 N.J.Super. 26, 31, 185 A.2d 245 (Law Div.1962), aff’d 41 N.J. 467, 197 A. 2d 366 (1964); Millington Quarry, Inc. v. Taxation Div. Director, 5 N.J. Tax 144, 154 (Tax Ct.1983).
It would appear from the foregoing that these two principles, (1) post-judgment interest by common usage and court rule, and *48 (2) the policy that governmental entities are not required to pay interest on tax refunds, are in conflict. However, there has been enunciated a modification of the rule against awarding interest in actions against governmental entities which accommodates these two principles.
In Fasolo v. Pensions Div. Trustees, 181 N.J.Super. 434, 438 A. 2d 328 (App.Div.1981), the court found that the Public Employees’ Retirement System (PERS) had required Fasolo to overpay certain contributions to the PERS fund and that he was underpaid by the pension payments he later received. In 1983, Fasolo returned to the Appellate Division to ask for pre- and post-judgment interest on the monies to which he was entitled. Because the Division of Pensions had delayed for almost seven years-, including several years of administrative review, in determining the proper pension and refund to which Fasolo was entitled, the court allowed both pre- and post-judgment interest on his claim. Fasolo v. Div. of Pensions, 190 N.J.Super. 573, 464 A.2d 1180 (App.Div.1983).
The Fasolo court acknowledged the general rule “that a State is not liable for interest unless by statute or contract it has assumed that liability,” id. at 583, 464 A.2d 1180, quoting East Orange v. Palmer, supra, 52 N.J. at 334, 245 A.2d 327, but went further to discuss the modification of the general rule. “It has long been the law that even in the absence of a statutory provision for interest on an obligation of a governmental entity ‘a legislative purpose to allow interest ... may be found in the nature of the burden imposed and the relative equities between the beneficiaries....’ ” Ibid. (quoting Consolidated Police, etc., Pension Fund Comm’n v. Passaic, 23 N.J. 645, 654, 130 A.2d 377 (1957)).
The application of equitable principles also has been recognized as an exception to the strong policy against payment of interest on tax refunds. In 713 Co. v. Jersey City, 94 N.J.Super. 210, 227 A.2d 530 (Law Div.1967), cited with approval in Woodcliff Management v. North Bergen Tp., 106 N.J.Super. 292, 293, 255 A.2d 776 (App.Div.1969), the taxpayer sought *49 interest on a judgment granting a real property tax refund. The City had not further contested the judgment but had not made the refund payment to the taxpayer until nine months after the date of judgment. In 713 Co. (decided before the enactment of the statute granting interest on real property tax refunds) the court, relying on “equitable principles,” provided for post-judgment interest to begin 75 days after the judgment date (a 45-day period in which the city could decide whether an appeal should be taken, plus a 30-day period thereafter in which to make the refund). Thereafter, interest was to accrue on the refunded amount. The court thus fashioned an equitable remedy, with payment of interest required if there was further delay in the payment of the refund.
From the foregoing, I conclude that post-judgment interest may be awarded in state tax cases pursuant to R. 4:42-11(a) not as a matter of course but only where equitable principles so require.
Taxpayers cite the case of Newark Bd. of Education v. Levitt, 197 N.J.Super. 239, 484 A.2d 723 (App.Div.1984), for the proposition that post-judgment interest can and should be awarded as a matter of course in the subject case. Levitt involved an award of damages by the Commissioner of Education, which award included post-judgment interest. The Appellate Division held that the Commissioner had the implied power to grant post-judgment interest. The court stated that the grant of pre-judgment interest was subject to a showing of “overriding and compelling equitable reasons,” but held that “in a contract or contract-like action the court ... will ordinarily award post-judgment interest against a public agency absent a showing of good cause to the contrary.”
Levitt is not a tax refund case. Therefore, I am not bound to follow it in this case. It should be noted that the Levitt court, in a footnote stated: “In awarding post-judgment interest, we caution that ordinarily a public body should be accorded a reasonable time under the circumstances to make *50 payment of the judgment before post-judgment interest begins to run.” Id. at 248, n. 3, 484 A.2d 723.
Do equitable principles in this case justify the award of post-judgment interest? In the subject case the Director did not refuse to make the refund payment. There is no evidence that the Director appealed the Tax Court decision to the Appellate Division or intentionally delayed processing the refunds in order to retain taxpayers’ monies for as long as possible. Counsel for the Director states that the appeal to the Appellate Division was made in the belief that the Director’s position was meritorious. There is no evidence to the contrary. The fact that the Director was unsuccessful in the appeal is not in itself evidence of bad faith.
Allowing the Director 20 days following the Appellate Division decision, to determine whether a petition for certification to the Supreme Court should be filed, takes one to June 19, 1984. The refunds were made within 90 days thereafter, on September 17, 1984. The refunds had to be computed by the Department of Insurance and then verified by the special audit section of the Division of Taxation. The chief of the Division’s review & hearings branch had to authorize payment, and the Division’s refund branch then had to prepare the paper work. Review of the paper work and preparation and mailing of the checks had to be accomplished by the accounting bureau of the Department of the Treasury. These procedures involved two State departments and several sub-agencies within the Treasury Department.
There is no evidence of bad faith on the part of the Director, and therefore, the Director’s assessment process, his resort to the appeal process and the refund procedure do not in and of themselves give rise to taxpayers’ right to post-judgment interest. I find that, unlike the defendant in the 713 Co. case, the Director did not unreasonably delay the payment of refunds to the taxpayers.
 The Director’s argument that the taxpayers are foreclosed from making a claim for post-judgment interest because *51 no such claim was made in the case before Judge Andrew is without merit, as is taxpayers’ argument that they are entitled to post-judgment interest because the Director made no application for a stay of the Tax Court judgment in his appeal to the Appellate Division. In their action before Judge Andrew, taxpayers could not predict that payment of a tax refund to which they might become entitled would be delayed. Taxpayers’ claim did not arise until after the judgment was rendered in the case before Judge Andrew. Therefore, the Director’s res judicata contention is not appropriate. See Consolidated Police, etc., Pension Fund Comm’n v. Passaic, 23 N.J. 645, 130 A.2d 377 (1957), in which the Supreme Court entertained a post-judgment interest claim in a separate, subsequent action. As to taxpayers’ argument that the Director failed to apply for a stay, there is no authority for taxpayers’ proposition that payment of post-judgment interest is required if the Director makes no application for a stay.
The Director’s motion for summary judgment is granted, and taxpayers’ is denied. The Clerk of the Tax Court is directed to enter judgment dismissing taxpayers’ complaint.

 R. 4:1 of the Rules Governing the Courts of the State of New Jersey provides that the rules in Part IV, insofar as applicable, govern the practice and procedure in the Tax Court, except as otherwise provided in Part VIII. There are no rules in Part VIII that pertain to post-judgment interest.

 A separate statute provides for refund of local property taxes with interest at the rate of 5% per annum. N.J.S.A. 54:3-27.2.