SMALL, J.T.C.
The plaintiff, Everest Reinsurance Co. (“Everest”), seeks interest and attorneys’ fees incurred in connection with obtaining a refund of $847,359.95 in Newark City Payroll Tax, paid on December 22, 1997 and refunded on June 5, 1998. The Tax was imposed by Newark, N.J.Rev. Ordinance 10:6-3, originally enacted as 6S and FD021771 (Feb. 17, 1971) and subsequent Amendments, pursuant to N.J.S.A 40:480-14 to -19.
After paying the tax, Everest sued for a refund. On May 15, 1998, the return date of plaintiff’s summary judgment motion seeking the refund, interest, and attorneys’ fees, the City con *52 ceded that a refund was due and would be paid. I deferred ruling on the interest and attorneys’ fees issues until after the refund was paid, so that, when I ruled, the full extent of plaintiffs costs and time it had to wait for the refund would be known. I entered an order to that effect on May 28, 1998. The refund was paid on June 5,1998 (one week after the entry of the May 28, 1998 order), and the plaintiff revived its motion for interest and attorneys’ fees.
For the reasons discussed below, I find that, despite Everest’s loss of the use of funds for almost six months, no statute authorizes the payment of interest on refunds of the Newark City Payroll Tax, and, absent such statutory authorization, there is no authority for this court to award interest on the refund. I further find that the award of attorneys’ fees in the amount of $10,767.42 is authorized by N.J.S.A. 54:51A-22, a provision of the State Tax Uniform Procedure Law, as amended by the Taxpayers’ Bill of Rights, L. 1992, c. 175, and made applicable to the Newark City Payroll Tax by N.J.S.A. 40:480-38.
The facts are not in dispute.
Everest is a Delaware corporation. It was incorporated in that state in 1973 under the name Prudential Reinsurance Company and in 1996 changed its name to Everest Reinsurance Company. It maintained offices in Newark from 1973 through May 12, 1997, when it moved to Liberty Corner, New Jersey. On September 22, 1997, Everest received a payroll tax assessment from the City of Newark for the period 1988 through the second quarter of 1997 in the amount of $4,101,348.22. A revised assessment in the amount of $4,463,120.69 was issued on September 30, 1997. The revisions related solely to the calculation of interest and penalties. Everest protested these two assessments, citing N.J.S.A. 40:48C-14(e), which provides that the definition of an “employer” subject to the Newark payroll tax excludes “any insurance company taxed by authority of another state or foreign country and subject to the provisions of P.L.1950, c. 231 (C. 17:32-15).”
After the September 30, 1997 assessment, there were meetings between city officials and representatives of Everest. There was also correspondence from Everest to the City explaining why it *53 was not subject to the payroll tax. In essence, from its initial correspondence, through all of its meetings with the City of Newark, Everest argued that 1) the plain meaning of the statute exempted foreign insurers from the tax and 2) the fact that it was a foreign insurer exempted Everest from the tax. Newark never contested the reading of the statute, nor the fact that Everest was a foreign insurer. At oral argument on the initial return date of Everest’s summary judgment motion, the City conceded that a full refund was due. As early as December 1996, when the City’s audit had commenced, Everest informed Newark that it was not subject to the tax, because it was a foreign insurance company. Although Newark asserted in a letter dated June 9, 1997 from the Manager of the Division of Tax Abatement and Special Taxes that Everest would “be exempted from such tax only if they have a certificate of exemption from the U.S. Department of Treasury,” there is no foundation for that statement in the record of this case or in my examination of the law. Newark’s internal papers suggest that it needed proof that Everest was a Delaware corporation and that such proof had not been provided. After December 1996, the City did not take issue with the fact that Everest was a Delaware corporation. Clear documentary proof was submitted with the filing of Everest’s summary judgment motion on April 9, 1998.
On December 22, 1997, a revised assessment was made for the years 1994, 1995, 1996, and the first two quarters of 1997, in the amount of $847,359.95. The amount of tax was reduced, because the assessment period commenced in 1994, rather than 1988, and penalties and interest were not assessed. The assessment included the following language:
You may take advantage of our 1997 Newark Tax Amnesty!! No payment of INTEREST or PENALTY if the outstanding tax amount ($847,359.95) is paid before December 31,1997.
HAVE A HAPPY HOLIDAY!!!
Newark asserts that the reason for the reduction in the tax assessment had to do with concerns about the relevant statute of limitations for making an assessment.
On the same date that the assessment was made, it was paid, and the complaint in the pending matter was filed. Two reasons *54 can explain the quick payment and challenge to the assessment: (1) if- tax was actually due, interest and penalty could only be avoided if payment was made during Newark’s tax amnesty, which expired on, and required payment of the tax on or before, December 31, 1997, Newark, N.J.Rev. Ordinance 7RCD(AS) 110697 (Nov. 6, 1997), and (2) N.J.S.A. 40:48C-38, which requires payment of the tax as a precondition for challenging an assessment as follows:
Any aggrieved taxpayer may appeal any derision, order, finding, assessment or action of the chief fiscal officer of any municipality adopting an ordinance hereunder to the tax court m accordance with the provisions of the State Tax Uniform Procedure Law, R.S. 54:48-1 et- seq., upon payment of the amount stated by said chief fiscal officer to be due. The appeal provided by this section shall be the exclusive remedy available, to any taxpayer for review of a decision of the chief fiscal officer in respect of the determination of a liability for the taxes imposed hereunder.
[N.J.S.A, 40:48C-38 (emphasis added).]
After the filing of the within matter and plaintiff’s summary judgment motion, the refund was paid, leaving at issue whether plaintiff is entitled to interest and attorneys’-fees.
I.

INTEREST

Everest asserts that it is entitled to interest on the $847,359.95 tax payment which the City held for almost six months. It asserts that its rights to interest flow from its equitable entitlement to compensation for the deprivation of its use of money for six months under the common law and under the State Tax Uniform Procedure Law. • For the reasons discussed below, I find that Everest, as a matter of law, is not entitled to interest, although its equitable claims do not fall on unsympathetic ears.
A.

Interest on Tax Refunds is not Paid Unless Specifically Authorized.

Under New Jersey law, there is no interest on tax refunds without specific statutory authority. New York Life Ins. *55 Co. v. Lyndhurst Tp., 280 N.J.Super. 387, 389-390, 655 A.2d 481 (App.Div.), certif. denied, 142 N.J. 457, 663 A.2d 1363 (1995) Frieman v. Randolph Tp., 185 N.J.Super. 152, 163, 447 A.2d 927 (App.Div.1982); 713 Co. v. Jersey City, 94 N.J.Super. 210, 214, 227 A.2d 530 (Law Div.1967); Hahne Realty Co. v. Newark, 119 N.J.L. 12, 17, 194 A. 191 (E. & A.1937); and Employers’ Fire Ins. Co. v. Director, Div. of Taxation, 8 N.J.Tax 43, 46-49 (Tax 1985) (citing many cases).
“It is a well settled rule of law in New Jersey that interest is not recoverable on an abatement of a tax liability unless provision therefor is made by statute.” 713 Co. v. Jersey City, supra, 94 N.J.Super. at 214, 227 A.2d 580 (citations omitted).
Although 713 Co. ultimately allowed, on equitable grounds, some interest for Jersey City’s post,judgment retention of substantial refunds, its discussion of the law makes clear that the payment of prejudgment interest on tax refunds requires statutory authority. Prejudgment interest is not a matter of equity. See Hudson County Chamber of Commerce v. Jersey City, 310 N.J.Super. 208, 708 A.2d 699 (App.Div.1997), aff’d 153 N.J. 254, 708 A.2d 690 (1998) and New York Life Ins. Co. v. Lyndhurst Tp., supra, 280 N.J.Super. at 389-90, 655 A.2d 481, (both discussing the lack of authority for the awarding of prejudgment interest unless authorized by statute). In the case before me, judgment was entered on May 28, 1998, and the refund was paid one week later, on June 5,1998.
The cases cited to me by both parties, and discussed at length in Hudson County Chamber of Commerce v. Jersey City, supra, deal with the general rule that prejudgment interest is not imposed on governmental entities. See, e.g., Newark Bd. of Educ. v. Levitt, 197 N.J.Super. 239, 484 A.2d 723 (App.Div.1984). Where interest has been awarded against governmental agencies, it has been postjudgment interest. See 713 Co. v. Jersey City, supra, 94 N.J.Super. at 219-20, 227 A.2d 530.
In Hudson County Chamber of Commerce v. Jersey City, supra, 310 N.J.Super. 208, 708 A.2d 699, which dealt with the Jersey City municipal payroll tax authorized, as was the Newark municipal payroll tax, by N.J.S.A. 40:48C-14 to -19, the trial court judge held that interest was appropriate. The Appellate Division held *56 that the determination with regal’d to interest was not properly reviewable by that court. Nevertheless, the Supreme Court found no factual basis for awarding interest in that case. Hudson County Chamber of Commerce v. Jersey City, 153 N.J. 254, 708 A.2d 690 (1998). Although the Supreme Court was sharply divided (4 to 3) on the issue of the validity of the Jersey City payroll tax, they were unanimous in them conclusion that there was to be no interest on any refund. Those specific cases discussing taxes and interest on tax refunds make it much clearer that absent statutory authority, there is no basis for the award of prejudgment interest.[1]
In New Jersey, prior to 1976, other than under the local property tax (see N.J.S.A. 54:3-27.2), there was no provision for the award of interest on any tax refund. See Employers’ Fire Ins. Co. v. Director, Div. of Taxation, 8 N.J.Tax 43, 46 n. 2 (Tax 1985). With the enactment of the New Jersey Gross Income Tax, N.J.S.A. 54A:1-1 to:9-26, in 1976, the State for the first time *57 provided for interest on refunds of taxes other than local property taxes.
(f) Under regulations prescribed by the director with approval of the State Treasurer interest shall be allowed and paid at the rate determined by the director to be equal to the prime rate pursuant to R.S. 54-48-2 upon any overpayment m respect of the tax imposed by this act, determined for each month or fraction thereof, compounded annually at the end of each year, from the date that such interest commences to accrue to the date of refund; but no interest shall be allowed or paid on an overpayment of less than $1.00, nor upon any overpayment refunded within six months after the last date prescribed, or permitted by extension of time, for filing the return or within six months after the return is filed, whichever is later.[2]
[.N.J.S.A. 54A:9-7(f)]
It is precisely the language of that statute that was followed in the amendments to the State Tax Uniform Procedure Law by the Taxpayers’ Bill of Rights, L.1992, c. 175, which for the first time provided a general provision for interest on refunds under all State taxes.
For tax paid with respect to reports or returns due on and after the first day of the sixth month following the July 1 next following enactment of this section, interest shall be allowed and paid on every overpayment of tax at a rate determined by the director to be equal to the prime rate, determined for each month or fraction thereof, compounded annually at the end of each year, from the date that such interest commences to accrue to the date of refund. Interest shall commence to accrue on the later of the date of the filing by the taxpayer of a claim for refund or requested adjustment, the date of the payment of the tax, or the due date of the report or the return thereof; but no interest shall be allowed or paid on an overpayment of less than $1.00, nor upon any overpayment refunded within six months after the last date prescribed, or permitted by extension of time, for filing the return or within six months after the return is filed, whichever is later.
[N.J.S.A. 54:49-15.1]
Thus, there is specific statutory authorization for interest on refunds of local property tax and state taxes in New Jersey. There is no specific authority under the laws of New Jersey for the award of interest on a refund of municipal payroll taxes. Only if the State Tax Uniform Procedure Law provision for interest on refunds applies to the Newark payroll tax is plaintiff entitled to interest.
*58 B.

The Interest on Refund Provision of State Tax : Uniform Procedure Law Does Not Apply to the Newark Payroll Tax

1. By its own Terms.
The State Tax Uniform Procedure Law (“STUPL”), N.J.S.A. 54:48-1 through:53-17, applies to state taxes. N.J.S.A. 54:48-4. A state tax is defined as a tax collected by the Director of the Division of Taxation of the State of New Jersey. N.J.S.A. 54:48-2.
The statute which authorizes the Newark payroll tax provides:
All taxes pursuant to any such ordinance shall be remitted to the chief fiscal officer of the municipality and shall constitute revenues of the municipality available for any lawful municipal purpose.
[N.J.S.A. 40:48C-34a. (emphasis added).]
The tax is payable to the Director of Finance of the City of Newark. Newark, N.J.Rev. Ordinance 6S and FD021711 (February 17, 1971) and subsequent amendments. Accordingly, the Newark payroll tax, payable to the Director of Finance of the City of Newark, and not to the Director of the Division of Taxation, is not a state tax, and the State Tax Uniform Procedure Law by its own terms is not applicable to the Newark payroll tax.
Additionally, even if this provision of the STUPL did apply to the Newark payroll tax, in this case, since the refund was paid within six months of the payment of the tax, the statute would not authorize the payment of interest on the refund.
2. By the Provisions of the Local Tax Authorization Law Adopting Certain Provisions of the State Tax Uniform Procedure Law.
N.J.S.A. 40:480-38 of the Local Tax Authorization Law provides in part that:
Any aggrieved taxpayer may appeal any decision, order finding, assessment or action of the chief fiscal officer of any municipality adopting an ordinance hereunder to the tax court in accordance with the provisions of the state tax uniform *59 procedure law, E.S. 54:48-1 et seq., upon payment of the amount stated by said chief fiscal officer to be due. (Emphasis added.)
Thus, this provision adopts the appeal procedures to the Tax Court of the STUPL but does not adopt other provisions of that state tax statute. The appeal procedures of the STUPL relating to taxes other than the local property tax are found in N.J.S.A. 54:51A-13 to -23 (Title 54, “Taxation,” Subtitle 9, “State Tax Uniform Procedure Law,” chapter 51A, “Appeals to the Tax Court,” article 2 “Appeals to the Tax Court in All Other [than Real Property Tax] Cases”). The provision of the STUPL dealing with interest on refunds, which was added to the statute by the Taxpayers’ Bill of Rights, L. 1992, c. 175, § 7, and enacted after N.J.S.A. 40:48C-38, is found in N.J.S.A. 54:49-15.1, which is found in Title 54, Subtitle 9, chapter 49, “Procedure.” Chapter 49 does not apply to appeals to the Tax Court. Tax Court appeal procedures are found in Chapter 51A. Accordingly, N.J.S.A. 54:49-15.1 is not applicable to the Newark payroll tax.
C.

Equitable Grounds Alone Will Not Support an Award of Interest

In this case, although Newark made an effort to justify its exaction from Everest on the grounds that certain documents were required from the U.S. Treasury Department, or that it needed a copy of the Delaware Certificate of Incorporation, the plain meaning of the statute specifically exempting foreign insurance companies from the municipal payroll tax left little room for interpretation. Thus, on equitable grounds, the case for an award of interest in this matter is greater than it was in the Jersey City case. Nevertheless, the law in New Jersey is clear. There is no interest on tax refunds absent statutory authority. New York Life Ins. Co. v. Lyndhurst Tp., supra, 280 N.J.Super. 387, 655 A.2d 481, Frieman v. Randolph Tp., supra, 185 N.J.Super. 152, 447 A.2d 927, and 713 Co. v. Jersey City, supra, 94 N.J.Super. 210, 227 A.2d 530. Even when the less stringent standards for the award of interest against a governmental agency (other than a taxing *60 authority) have been applied, our Supreme Court has failed to approve the conclusion that interest is due on the refund of a municipal payroll tax enacted under authority of N.J.S.A. 40:48C-14 to -19, et seq. Hudson County Chamber of Commerce v. Jersey City, supra, 153 N.J. 254, 708 A.2d 690. Unless the Legislature wishes to enact specific provisions similar to N.J.S.A. 54:49-15 .1, N.J.S.A. 54A:9-7(f), or N.J.S.A 54:3-27.2 applicable to the Municipal Tax Authorization Law, refunds under the Newark City Payroll Tax or any tax enacted under authority of N.J.S.A. 40:48C-14 to -19, will not bear interest.
II.

ATTORNEYS’ FEES

Plaintiff argues that, under either N.J.S.A. 2A:15-59.1 (L. 1988, c. 46, the “frivolous litigation statute”[3]) or N.J.S.A 54:51A-22, the State Tax Uniform Procedure Law, it is entitled to attorneys’ fees.
In New Jersey, the general rule is that attorneys’ fees are not authorized without specific statutory authority. See Iannone v. McHale, 245 N.J.Super. 17, 27-28, 583 A.2d 770 (App.Div.1990), citing numerous cases.
Where specific statutes govern a matter, they preempt the applicability of more general statutes. 18 Washington Place Assocs. v. Newark, 8 N.J.Tax 608, 613 (Tax 1986); Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339, 262 A.2d 193 (1970). Under N.J.S.A. 40:48C-38, the general provisions of the Local Tax Authorization Law, the appeal procedures of the State Tax Uniform Procedure Law are made applicable to appeals from taxes imposed under N.J.S.A. 40:48C-1 to -41.
*61 The appeal procedures of the State Tax Uniform Procedure Law include N.J.S.A. 54:51A-1 to -23. Therefore, N.J.S.A. 54:51A-22, added by the Taxpayers’ Bill of Rights, L. 1992, c. 175, which appears in chapter 51A, “Appeals to the Tax Court,” of the tax statute (Title 54) and authorizes the award of litigation costs in Tax Court Appeals, is applicable and preempts the provisions of the frivolous litigation statute.[4]
The award of litigation costs in tax cases is governed by N.J.S.A. 54:51A-22, which provides:
Litigation costs awarded to prevailing taxpayer or to State
a. A prevailing taxpayer in a court proceeding in connection with the determination, collection or refund of any tax, penalty or interest may be awarded a judgment or settlement for the reasonable litigation costs, not to exceed $15,000, incurred in the proceeding, based upon:
(1) the reasonable expenses of expert witnesses,
(2) the reasonable costs of studies, reports or tests, and
(3) the reasonable fees of attorneys, not to exceed $75 per hour unless by special determination of the court of the existence of a special factor.
b. An award under subsection a. shall be made only for the costs allocable to the State, and not to any other party.
c. No award under subsection a. shall be made with respect to any portion of the proceedings during which the prevailing taxpayer has unreasonably protracted the proceedings.
d. Whenever it appears to the court that proceedings have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer’s position in the proceedings is without grounds, or that the taxpayer unreasonably failed to pursue administrative remedies, the State may be awarded a judgment or settlement for its reasonable litigation cost, not to exceed $15,000, incurred in the proceedings.
e. For the purposes of this section, “prevailing taxpayer” means a taxpayer that establishes that the position of the State was without reasonable basis in fact or law. The determination of whether a taxpayer is a prevailing taxpayer is to be determined by the court.
[N.J.S.A. 54:51A-22.]
*62 To determine whether the above provision of the STUPL applies to this case, I must decide whether the term “State” in the above-quoted statute applies to the City of Newark. N.J.S.A. 40:48C-38 makes the appeal procedures of the STUPL applicable to the municipal taxes enacted under N.J.S.A 40:48C-1 to -41. Provisions of the STUPL found in chapter 51A, article 2 (N.J.S.A 54:51A-13, -15, and -16), refer to the Director of the Division of Taxation and the Attorney General when they are talking about a taxing authority and its representative. I conclude that, if N.J.S.A. 40:48C-38 is to effectively make the appeal procedures of N.J.S.A. 54:51A-13 through -23, applicable to municipal taxes, then those references to the State, the Director, and the Division of Taxation, must be read to include the appropriate municipal counterparts when they are made applicable to municipal taxes. The intent of the Legislature, to make the state tax appeal procedures applicable to municipal taxes, could not be accomplished if the lack of specific reference to municipal officials in the STUPL were read to .preclude the application of provisions of the STUPL to municipal tax officials and municipalities.
Having determined that the provisions of N.J.S.A. 54:51A-22 are applicable to refunds of Newark City Payroll Tax, I must next determine whether, within the meaning of section e. of the above quoted statute, Everest is a “prevailing taxpayer.” Was the position of Newark “without reasonable basis in fact or law”. There are no reported cases interpreting this 1992 addition to the statute. The language is drawn from the frivolous litigation statute, N.J.S.A. 2A:15-59.1, enacted in 1988 (L. 1988, c. 46), which was modeled on Rule 11 of the Federal Rules of Civil Procedure. See Iannone v. McHale, 245 N.J.Swper. 17, 25, 583 A 2d 770 (App.Div.1990). The applicable provisions of the frivolous litigation statute are the following:
a. (i.) A party who prevails in a civil action, either as plaintiff or defendant, against any. other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during' the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the non-prevailing person was frivolous.
*63 b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented, that either:
(2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
[N.J.S.A. 2A:15-59.1 (emphasis added)]
Since no cases have been decided under N.J.S.A. 54:51A-22, and since it is modeled on N.J.S.A. 2A:15-59.1, we look to cases decided under the latter statute for guidance as to whether fees are appropriate in this case. “The counsel fee sanction must not be made available for every litigation infraction.” Iannone v. McHale, supra, 245 N.J.Super. at 28, 583 A.2d 770. Cases under the statute have awarded fees and denied them based on the specific facts in each case. Our Supreme Court has dealt with the issue and denied fees. McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 561, 626 A.2d 425 (1993) (stating that the Legislature intended that the statute’s application be limited); Lewis v. Lewis, 132 N.J. 541, 626 A.2d 422 (1993) (statute does not apply to motions).
Appellate Division decisions denying fees are more numerous than those approving them. Of course, the determination of whether fees should be approved or denied must be based on the similarity of the facts to those in the decided cases, not on the number of cases approving or denying fees: The following decisions approved fees: Khoudary v. Salem County Bd. of Social Servs., 260 N.J.Super. 79, 615 A.2d 281 (App.Div.1992) (landlord’s suit for rent with respect to premises which could not be occupied because he had not obtained a certificate of occupancy was frivolous and subject to an award of attorneys’ fees under N.J.S.A. 2A:15-59.1. “Plaintiff’s claim was not some novel position with a plausible foundation for which a good faith argument could be made. It was an aberrant and legally groundless claim.” Id. at 88, 615 A.2d 281.); M.W. v. R.L. 286 N.J.Super. 408, 669 A.2d 817 (App.Div.1995) (court found that when plaintiff filed a domestic *64 violence complaint based on his own perjured testimony or suborned perjured testimony, the defendant was entitled to sanctions under N.J.S.A. 2A:15-59.1). The following decisions denied fees. Iannone v. McHale, supra, 245 N.J.Super. at 31, 583 A.2d 770 (election law dispute lasting only five weeks was found to be neither legally unreasonable nor maintained for an improper purpose); Pollinger v. Loigman, 256 N.J.Super. 257, 606 A.2d 1113 (App.Div.1992) (remanding for an evidentiary hearing where malice is an issue); North Haledon Bor. v. Board of Educ., of Manchester Reg’l High Sch. Dist., 305 N.J.Super. 19, 32, 701 A.2d 925 (App.Div.1997), certif. denied 152 N.J. 363, 704 A.2d 1298 (1998) (holding that “[t]he statutes involved in this case had not previously been construed in this context by an appellate court, and North Haledoris argument that one statutory rule applied instead of another is not untenable, even though upon analysis it may not have been correct.”); Commerce Bank v. DiMaria Const. Inc., 300 N.J.Super. 9, 21, 692 A.2d 54 (App.Div.1997), certif. denied, 151 N.J. 73, 697 A.2d 546, cert. denied 522 U.S. 1116, 118 S.Ct. 1053, 140 L.Ed.2d 116 (finding that “an action may be found to be frivolous under N.J.S.A. 2A:15-59.1 only if the losing party not only ‘knew or should have known’ that the action was “without any reasonable basis in law or equity’ but also that it ‘could not be supported by a good faith argument for an extension, modification or reversal of existing law’.”); Throckmorton v. Egg Harbor Tp., 267 N.J.Super. 14, 21, 630 A.2d 794 (App.Div.1993) (stating that “[w]e have noted that ‘continued prosecution of a claim or defense may, based on facts coming to be known to the party after the filing of the initial pleading, be sanctionable as baseless or frivolous even if the initial assertion of the claim or defense was not.’ Iannone, supra, 245 N.J.Super. at 31, 583 A.2d 770.”); Ellison v. Evergreen Cemetery, 266 N.J.Super. 74, 86, 628 A.2d 793 (App.Div.1993) (“[t]he most that can be said is that plaintiffs were perhaps overly optimistic in seeking a remedy, but this does not mean that the litigation was essentially frivolous.”).
Trial courts have made awards under the frivolous litigation statute. Ibelli v. Maloof 257 N.J.Super. 324, 608 A.2d 440 (Ch.Div.1992) (holding that defendant’s baseless motion to dismiss *65 on jurisdictional grounds is subject to sanction under N.J.S.A. 2A:15-59.1); Sjogren, Inc. v. Caterina Ins. Agency, 244 N.J.Super. 869, 582 A.2d 841 (Ch.Div.1990) (when confronted with facts which made his claim baseless, plaintiff refused to withdraw; only after defendant moved for dismissal did plaintiff withdraw his complaint; court awarded sanctions under N.J.S.A. 2A:15-59.1).
All of the above-cited cases which have awarded attorneys’ fees have awarded fees to defendants in frivolous suits brought by plaintiffs or to non-moving parties. The language and intent of N.J.S.A. 54:51A-22, quoted in full above, contemplates awards of attorneys’ fees to taxpayers whether they are plaintiffs or defendants in a suit and whether they are the moving or defending parties to a motion. Thus, the fact that prior cases have not awarded attorneys’ fees to plaintiffs or moving parties does not preclude such an award to Everest, the moving party and taxpayer in this case.
In tax cases, an assessment is made by the taxing authority. The taxpayer can only resist the assessment by filing a complaint, or, after payment of the tax, filing suit seeking a refund. If the original assessment is baseless, then the resistance to the refund suit is frivolous. That is the case here. Everest presented all of the law and facts to Newark (1) prior to the making of the initial assessment, (2) after the initial assessment, (3) before the final assessment, and (4) at the time the complaint was filed. Newark never presented, because there was no basis in fact or law to do so, any true counterargument to Everest, By the time the final assessment was made in December 1997, Newark had no reasonable basis in fact or law to make it.
From the date that Newark received the October 30, 1997 letter from Carl R. Erdman, Everest’s counsel, demonstrating that the Newark payroll tax did not apply to foreign insurance companies, and that Everest was a Delaware corporation, the City had no basis in law or fact to pursue its assessment. From the date the complaint was filed, Newark demonstrated no basis for prevailing on the merits. Newark never resisted the summary judgment motion on the merits. Yet, all this time, Newark held *66 over $800,000 of Everest’s money. Newark forced Everest to jump through the procedural hoops to get its refund. Those procedural hoops caused Everest to lose the use of over $800,000 for almost six months. The City’s answer to the complaint and summary judgment motion were formalities. There was no basis in law or fact for defending against Everest’s claim. Accordingly, under N.J.S.A. 54:51A-22, Everest is a prevailing party and entitled to attorneys’ fees.
As a matter of law, there was never a legitimate basis for Newark’s assertion that Everest, a non-New Jersey corporation, was subject to the payroll tax. Newark asserts that it required certain U.S. Treasury Department documentation, which as a matter of law is not required, and that it needed documentary proof of Everest’s Delaware incorporation. The record is not clear as to when Newark first got such documentary proof, but the record is also clear that Newark has never truly disputed the fact of Everest’s Delaware incorporation. With that knowledge, I can find no support for Newark, having made the assessments against Everest, nor for Newark’s not refunding the tax once this suit was filed. In particular, from the October 30,1997 letter from Carl R. Erdman of the District of Columbia Bar on behalf of Everest to the Corporation Counsel of the City of Newark outlining the law and facts of this case, Newark never disputed the law and facts applicable to this case.
Everest’s counsel has submitted invoices for a total of 95.05 hours of legal services and disbursements attributable to three separate law firms from December 1997, totaling $19,308.93. Newark submitted no opposition to the quantum of legal effort expended on behalf of the plaintiff. The rates billed range between $125 and $260 per hour, far in excess of the statutory allowance of $75 per horn1, but not out of line with fees charged by lawyers today. There being no authority or basis in the record to award fees in excess of the statutory amount, plaintiffs counsel should prepare an order awarding fees to the three law firms involved in an amount of $75 per horn* for each hour expended. I find, as well, that under N.J.S .A. 54:51A-22 a. (3), reimbursement *67 for those firms’ disbursements is appropriate. The total fee awarded in this matter is $10,767.42 (95.05 hours @ $75/hour = $7,128.75, plus $3,638.67 in disbursements), as submitted by plaintiffs counsel.
I note that, if plaintiff were entitled to interest under N.J.S .A. 54:49-15.1 of the STUPL, the amount has been calculated to be $32,548.79 ($847,359.95, the principal amount, times 8.5% per annum, the prevailing prime rate per N.J.S.A. 54:49-15.1, times the time period from payment of the tax to payment of refund as part of a year, approximately five and one half months). Thus, the amount of attorneys’ fees being awarded is less than one third of plaintiffs actual damages as measured by the STUPL’s selection of interest rates in this case.
I recognize that the return of $847,359.95 six months after payment, without interest, and the award of counsel fees at a statutory rate lower than actual fees will not, make Everest whole. But that is all that the statutes permit. Should the Legislature wish to amend those statutes, it may do so. I find no authority for my making any greater award.

 Although this court has found support for its granting of interest on tax refunds even beyond what is authorized by statute, its reliance on certain federal cases was misplaced. 9W Contractors v. Englewood Cliffs, 176 N.J.Super. 603, 1 N.J.Tax 465, 473-76, 424 A.2d 461 (Tax 1980). The federal cases found that requiring a taxpayer to pay tax in order to protest an assessment which, if successful, would result in a refund without interest was not fair. Proctor & Gamble Distributing Co. v. Sherman, 2 F.2d 165 (S.D.N.Y.1924); LaSalle National Bank v. Rosewell, 604 F.2d 530 (7th Cir.1979). They held, however, not that the taxpayer was entitled to interest on the refund, but that federal courts could hear such state tax cases because the denial of interest on the refunds by state statute meant that the state statutes did not provide for a “plain, speedy and efficient remedy." The federal statute provides that federal courts may hear state tax matters only where there is no “plain, speedy, and efficient remedy” in the state courts. 28 U.S.C.A. § 1341. Thus, the lack of a provision for interest on refunds in the state tax statutes which require payment of the tax as a condition for taking an appeal resulted in the federal court’s taking jurisdiction, but the federal courts in the cited cases did not award interest on state tax refunds. On March 24, 1981, subsequent to this court's decision in 9W Contractors, supra (decided September 17, 1980), the Supreme Court of the United States, in Rosewell v. LaSalle National Bank, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981), reversed the 7th Circuit’s determination and held that the Illinois statute did provide a "plain, speedy, and efficient" remedy. That decision, as well as the previously cited lower court decisions, is not authority for a court to award interest on a tax refund beyond the interest authorized by statute.

 N.J S.A. 54A:9-7(f) originally provided for interest on refunds under the gross income tax at 6% per annum. It was amended to read as quoted above by L.1992, c. 175 § 40(0 (the Taxpayers' Bill of Rights).

 Sometimes referred to as the Frivolous Pleading Statute, Matter of K.L.F., 275 N.J.Super. 507, 511, 646 A.2d 532 (Ch.Div.1993); sometimes referred to as the frivolous litigation statute, Div. of Youth & Family Services v. P.M., 301 N.J.Super. 80, 82, 693 A.2d 9** (Ch.Div.1997); Iannone v. McHale, 245 N.J.Super 17, 21, 583 A.2d 770 (App.Div.1990).

 Accordingly, I have not discussed those conflicting cases which deal with the applicability of the frivolous litigation statute to governmental entities, as the award of attorneys' fees, if any, in this case, is governed by the STUPL, which explicitly provides for the imposition of litigation costs on the government. See Division of Youth & Family Services v. P.M., 301 N.J.Super. 80, 693 A.2d 941 (Ch.Div.1997) and Matter of K.L.F., 275 N.J.Super. 507, 646 A.2d 532 (Ch.Div.1993).