280 N.J. Super. 387 (1995)
655 A.2d 481
NEW YORK LIFE INS. CO., PLAINTIFF-APPELLANT-CROSS-RESPONDENT,
v.
LYNDHURST TOWNSHIP, DEFENDANT-RESPONDENT-CROSS-APPELLANT,
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1994.
Decided March 24, 1995.
*388 Before Judges BRODY, LONG and ARNOLD M. STEIN.
Steven R. Irwin argued the cause for appellant-cross-respondent (Mandelbaum & Mandelbaum, attorneys).
Robert J. Inglima argued the cause for respondent-cross appellant.
PER CURIAM.
Pursuant to a judgment of the Tax Court, plaintiff, New York Life Insurance Company, was entitled to a refund of taxes paid to the Township of Lyndhurst. The refund was not paid until 153 days after the entry of judgment. This delay gave rise to the question of the period and rate at which interest on the belated refund would be imposed.
N.J.S.A. 54:3-27.2 provides:
In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, less any amount of taxes, interest, or both, which may be applied against delinquencies pursuant to P.L. 1983, c. 137 (C. 54:4-134), within 60 days of the date of final judgment.
Plaintiff argued that the 5% interest rate applied only to the sixty-day period after judgment and that thereafter a greater than 5% rate could be imposed. Defendant urged a construction of the statute which would hold that the sixty-day period was a moratorium on the calculation of interest on refunds. Judge Small rejected both of these contentions and held that N.J.S.A. 54:3-27.2 is the sole source of authority for the imposition of interest in a tax refund case and that interest on a local property tax refund is to be paid from the date of payment to the date of refund at 5% per annum.
*389 We affirm substantially for the reasons expressed by Judge Small in his opinion of February 4, 1994, the relevant details of which are set forth below:
I

R. 4:42-11(a) (emphasis added) provides that:

Except as otherwise ordered by the court or provided by law, judgments, awards and orders for the payment of money, taxed costs and counsel fees shall bear simple interest as follows:.... .
Thus, by its own language, R. 4:42-11(a) does not apply to local property tax refunds because
(1) the law provides otherwise. N.J.S.A. 54:3-27.2 quoted in full above and
(2) judgments reducing tax assessments are not judgments for the payment of money  they are judgments reducing tax assessments.
In 9W Contractors, Inc. v. Englewood Cliffs Borough, 1 N.J. Tax 465 [424 A.2d 461] (Tax 1980), this court awarded interest on a tax refund in excess of the statutory rate of 5% provided in N.J.S.A. 54:3-27.2. We relied in part on 713 Co. v. City of Jersey City, 94 N.J. Super. 210 [227 A.2d 530] (Law Div. 1967). That case antedated the Appellate Division's clear statement that "interest is not recoverable on an abatement of tax liability unless provision therefor is made by statute." Frieman v. Township of Randolph, 185 N.J. Super. 152, 163 [447 A.2d 927] (App.Div. 1982).
Although this court's award of interest in excess of the statutory amount in 9W Contractors may have been motivated by the dilatory behavior of the municipality and the then current interest rate environment, it was not authorized by law, and I believe was therefore in error. Even if the conclusion in 9W Contractors was correct, this case is factually different from that case for at least three reasons:
(1) The municipality's cash flow problems were a reasonable explanation for its delay beyond the statutory 60-day requirement for paying refunds;
(2) The taxpayer failed to take advantage of its right to offset its May 1 tax payment obligation provided by N.J.S.A. 54:4-8.2 and mitigate damages; and
(3) The interest rate environment in 1993 made 5%  the statutory rate  a close approximation of the market rate. Whereas in 9W Contractors, the court indicated that in the period with which it was dealing the statutory rate may have been below the market rate.
In Garden State Racing Ass'n v. Township of Cherry Hill, 1 N.J. Tax 569, 582-583 (Tax 1980), decided one month after 9W Contractors, supra, this court made a distinction between pre- and post-judgment interest on tax refunds. There, too, I think we were in error. N.J.S.A. 54:3-27.2 makes no such distinction. The provisions of N.J.S.A. 2B:13-2, formerly N.J.S.A. 2A:3A-4, are not authority for going beyond N.J.S.A. 54:3-27.2's clear and exclusive authority for the payment of interest on local property tax refunds.

*390 II

The municipality argues that the 60-day period provided by N.J.S.A. 54:3-27.2 is a period during which there is a moratorium on the calculation of interest on refunds. There is simply no basis in logic or law for reaching that conclusion. Interest is paid at 5% per annum from the date of the payment of tax to the date of the payment of the refund. No more and no less.
We agree with Judge Small that the statute is the sole source of authority for the imposition of interest in a case such as this. To the extent that the opinions in 9W Contractors, Inc. v. Englewood Cliffs Borough, 1 N.J. Tax 465 (1980) and Garden State Racing Ass'n. v. Township of Cherry Hill, 1 N.J. Tax 569 (1980) are contrary, they are disapproved.
Nothing in the recently decided case of General Motors Corp. v. City of Linden, 279 N.J. Super. 449, 653 A.2d 568 (App.Div. 1995) supports a contrary view. That decision, which declared that tax assessors are not immune from suit under 42 U.S.C.A. § 1983, is irrelevant to the issue before us which was not decided on any theory of immunity but on the basis of a lack of statutory or regulatory authority.
As to Judge Small's denial of counsel fees to plaintiff, we also affirm. There is simply no authority under the Tax Court rules or the Law Division rules for imposition of fees in a case such as this. R. 8:9-2; R. 4:42-9.
Affirmed.