729 A.2d 1061 (1999)
ARROW MFG. CO., Plaintiff-Appellant,
v.
WEST NEW YORK, Defendant-Respondent.
Christine T. Banoff, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Morton Enowitz, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
F. Cordileone, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Jerome Moss, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Joseph Caram, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Mickjac, Inc., Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Bertha Sneider, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Milagros Iturriaga, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
Antonio & Olga Pelaez, Plaintiffs-Appellants,
v.
West New York, Defendant-Respondent.
J & G Podesta, Plaintiff-Appellant,
v.
West New York, Defendant-Respondent.
B. Hernandez, et al., Plaintiffs-Appellants,
v.
West New York, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued May 18, 1999.
Decided June 2, 1999.
Richard B. Nashel, West New York, for plaintiffs-appellants (Nashel and Nashel, attorneys; Mr. Nashel, of counsel, Mr. Nashel and Louise Conde Reo, on the brief).
Scott Grossman, Fort Lee, for defendant-respondent (Joseph R. Mariniello, P.C., attorneys; Mr. Mariniello, on the brief).
Before Judges LONG, KESTIN and WEFING.
The opinion of the court was delivered by WEFING, J.A.D.
We consolidated twelve individual local property tax appeals that present the same two issues: (1) whether a Tax Court judge may award counsel fees under R. 1:10-3 and (2) whether the Tax Court judge properly awarded counsel fees under R. 1:4-8 to defendant when he denied the taxpayers' motions for reconsideration. We conclude, contrary to the determination of the Tax Court judge, that the Tax *1063 Court has authority to award counsel fees under R. 1:10-3. Further, after carefully reviewing the entire record in this matter, we are satisfied that the Tax Court judge erred when he awarded counsel fees under R. 1:4-8 to defendant. Accordingly, we reverse and remand for further proceedings.
The owners of twelve separate parcels of real property located in West New York, through the same counsel, filed separate local property tax appeals for tax years ranging from 1994 through 1997. While the matters were pending, the parties negotiated an amicable resolution. Stipulations of settlement were entered under which each taxpayer was to receive a refund, the largest of which was $25,518, the smallest of which was $682.67. Under the terms of the settlement, the taxpayers agreed to waive the statutory interest due under N.J.S.A. 54:3-27.2 if they received payment within sixty days. Appropriate judgments were subsequently entered in each matter.
Despite repeated requests, the municipality did not make prompt payment. Unable to obtain satisfaction, taxpayers' counsel filed twelve separate applications in aid of litigants' rights under R. 1:10-3. At the time the matters were argued before the Tax Court judge, the municipality had filed no written response to the requested relief. In addition, more than a year had passed since entry of the first judgment at issue.
Notwithstanding a complete failure to comply with the bare minimums of motion practice, counsel for the municipality was permitted to explain to the Tax Court judge that the municipality's failure to comply with the taxpayers' judgments was due to a lack of funds, rather than willful disregard. He asserted orally that the municipality had made appropriate bonding arrangements and that the necessary funds would be available by the following month. The Tax Court judge, for reasons expressed in a letter opinion dated April 24, 1998, entered orders compelling payment by a date certain, together with interest, but denied the taxpayers' request for counsel fees.
Taxpayers filed motions for reconsideration. The Tax Court judge denied reconsideration in a written letter opinion dated June 12, 1998. He concluded that relief under R. 1:10-3 was not available in the Tax Court and that the municipality's financial straits precluded a finding that its failure to pay was willful. Finally, he found the taxpayers' motions frivolous under R. 1:4-8 and imposed a counsel fee of $773.43 upon taxpayers' attorney.
We are satisfied that the determination that the taxpayers were not entitled to seek relief under R. 1:10-3 is erroneous for it fails to take into account the structure of the rules and the nature and purpose of R. 1:10-3. R. 1:1-1 clearly states that "[u]nless otherwise stated, the rules in Part I are applicable to the Supreme Court, the Superior Court, the Tax Court, the surrogate's courts, and the municipal courts." R. 1:10 contains no language exempting the Tax Court from its scope. Therefore, under the clear language of the Court Rules, R. 1:10-3 is fully applicable to proceedings in the Tax Court.
The Tax Court, moreover, although a court of limited jurisdiction (N.J.S.A. 2B:13-1), is a court nonetheless and must possess the power to enforce its own judgments. To deny it that power would reduce it to a hollow shell and would invite disrespect.
Within both of his written opinions, the Tax Court judge referred to our opinion in New York Life Ins. Co. v. Lyndhurst Township, 280 N.J.Super. 387, 390, 655 A.2d 481, certif. denied, 142 N.J. 457, 663 A.2d 1363 (1995), in which we concluded that there was no authority for the Tax Court to impose counsel fees for late payment of a refund. We cited as authority R.R. 8:9-2 and 4:42-9. Ibid. That matter, however, was not brought under R. 1:10-3. It is therefore not dispositive of the question presented here.
*1064 Further, within his second written opinion, the Tax Court judge found that "there was no ... intentional misconduct on the part of the municipality because the municipality lacked the money to make a refund." We agree with the taxpayers that the record is barren of any evidence that supports that finding. The municipality never properly opposed the taxpayers' applications. It presented no certifications, affidavits, or public records that supported its claim of lack of funds. Indeed, the only evidence supporting that claim is a statement of counsel made during oral argument. That is clearly insufficient.
Finally, we turn to the award of counsel fees under R. 1:4-8. We disagree with the Tax Court judge's characterization of the taxpayers' motions for reconsideration as frivolous. He gave three reasons for that characterization: (1) that the law on the issue of counsel fees was clear and well-settled; (2) that the delay in payment was due to the municipality's lack of funds; and (3) that the stipulation of settlement made no provision for counsel fees. As we have noted, however, the judge improperly interpreted the law, and the record contains no evidential support for his factual finding. There was thus no basis to conclude that the motions were frivolous.
We therefore reverse that portion of the court's order of July 6, 1998, awarding a sanction of $773.43 against plaintiff's counsel. Further, we remand the matter to the Tax Court for determination of plaintiffs' request for counsel fees in light of the principles we have enunciated.