KAHN, J.T.C.
This is the court’s determination with respect to a series of applications made by taxpayers to compel the payment of accrued interest by the defendant municipality to the taxpayers based upon Tax Court judgments previously entered by this court. Additionally, taxpayers seek legal fees and costs incurred by them in their effort to obtain satisfaction of said judgments as well as additional sanctions for the municipality’s alleged willful failure to honor said judgments. Taxpayers also seek permission to depose certain municipal officials to determine the facts necessary to establish willfulness.
The relevant judgments were entered on or about December 19, 1997 and involved tax years 1993 through 1998. The judgments provided that no interest would be paid thereon if refunds were made within sixty days of their entry.
Although it appears that the principal refunds were in fact made (with the exception of ’98 due to taxpayer Mabrouck), said payments were made subsequent to the sixty day period, therefore, interest accrued. The municipality has yet to pay the continuing interest amounts as well as certain counsel fees which were likewise previously ordered by this court.
Subsequent to the judgments entered in December 1997, the following orders were entered by this court:
(a) Re Trisun Realty, an order dated December 21, 1998 for each docket number requiring the payment of unpaid interest in the amount of $8,531.39; counsel fees were denied.
(b) Re Marsar West, an order dated January 22, 1999 involving numerous docket numbers requiring the payment of refunds and interest within ten days, plus interest thereon; counsel fees were also denied.
(c) Re Marsar West, an order dated February 23, 1999 with respect to various docket numbers requiring the payment of refunds and interest; counsel fees were likewise denied.
*536 (d) Re Marsar West, an order dated January 8, 1999 with respect to various docket numbers requiring the payment of refunds and interest totaling $11,373.65 within ten days, plus interest thereon; counsel fees were denied.
(e) Re Mabrouck, an order dated March 8, 1999 requiring the payment of a refund in the amount of $398, plus interest; counsel fees were denied.
(f) Re Marsar West[1] and Trisun Realty, an order dated June 30,1999, based on this court's finding that the municipality was in violation of previous orders, awarding counsel fees in the amount of $300 per application, totaling $3,900, to plaintiffs’ counsel. The municipality was further ordered to pay refunds plus 5% interest thereon within forty-five days of said order. Additional requested sanctions were denied without prejudice.
Subsequent to a telephone conference between this court and counsel for both parties, an additional hearing took place on December 3, 1999, which consisted of oral argument based upon all certifications submitted at that time. The parties acknowledged at that time, and this court finds, the following amounts due from the municipality to the taxpayers based on the prior judgments by this court as well as pursuant to subsequent orders of this court:
(a) previously ordered counsel fees ($3,900) (all taxpayei*s);
(b) $9,730.63 as and for interest (Trisun);
(c) $29,067.51 as and for interest (Marsar West); and
(d) $398 as and for property tax refund plus interest ordered on March 8,1999 (Mabrouck).
Taxpayers’ counsel submitted a certification pursuant to this court's direction detailing legal fees and costs incurred in attempting to obtain satisfaction of this court’s judgments and orders. The following relief is requested:
*537 (a) Counsel fees be assessed against the municipality in the amount of $5,490 plus $43 costs.
(b) For each individual matter, the municipality be additionally sanctioned $10 per day for the first ninety days unpaid, $100 per day through August 16, 1999(118) days, and $1,000 per day from August 16, 1999 through December 3, 1999. The total suggested sanction amounts to $365,100 plus $1,000 per day until compliance.
R. 1:10-3 permits this court to require the defendant municipality to pay taxpayers’ counsel fees incurred while attempting to have the municipality honor its judgments. The comments to R. 1:10-3 provide as follows:
This rule, originally adopted as R. 1:10-5 and redesignated as R. 1:10-3 as part of the 1994 amendments, had been amended, effective September, 1984, to permit the court to award counsel fees for services rendered on the application to a successful movant. Although the general rule continues to require each party to bear his own counsel fees except as otherwise provided by R. 4:42-9, this amendment recognizes that as a matter of fundamental fairness, a party who wilfully fails to comply with an order or judgment entitling his adversary to litigant’s rights is properly chargeable with his adversary’s enforcement expenses. The authority to grant fees under this rule has, however, been held to apply only to violations of orders and judgments, not to settlement agreements that have not been so memorialized.
[Pressler, Current N.J. Court Rules, comment 5 on R. 1:10-3(2000).]
R. 1:1-1 provides that Rule 1:10-3 would be applicable to matters in the Tax Court of New Jersey, and no provision of R. 1:10 exempts the Tax Court from its scope. Neither of these rules, however, provides for sanctions in addition to the awarding of counsel fees; therefore, taxpayers’ request for sanctions in addition to counsel fees as hereby denied.
The municipality submitted numerous certifications essentially indicating that, prior to and up to the time of the entry of the subject judgments, the municipality was faced with serious budget deficits requiring the passage of bonding ordinances to provide the necessary funds to cover said deficits. Unlike certifications filed in Arrow Manufacturing Co. v. West New York[2], 321 N.J.Super. *538 596, 729 A.2d 1061 (1999), certifications filed herein indicate that nonpayment of the past due amounts was occasioned mainly because certain relevant municipal officials assumed that all monies had been paid when, in fact, payment had not been accomplished. Although all judgment amounts had been ultimately paid (except $398 to Mabrouck), significant interest amounts and the previously ordered counsel fees, as aforesaid, were not.
In East Wind Industries, Inc. v. United States of America, 196 F.3d 499 (3d Cir.1999), the taxpayers sought a refund of penalties assessed by the government for late payment and deposit of employment taxes. The United States Court of Appeals, Third Circuit, in determining that reasonable cause .existed for untimely payment, stated with respect to the definition of “willful neglect” as follows:
A definition of “willful neglect” w'as provided by the Supreme Court in [United States v. Boyle, 469 U.S., 241, 245, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985)] which found that the phrase "willful neglect,” as used in section 6651(a)(1), had been construed over the years to mean “a conscious, intentional failure or reckless indifference.” Staled another way, the taxpayer must show' that the failure to file a return timely was the result “neither of carelessness, reckless indifference, nor intentional failure.”
[Id. at 504 (citations omitted).]
The municipality’s certifications do not establish justification for not having fully complied with this court's judgments and orders. Assuming that payments had been made, the municipality’s conduct, at the very least, falls within the scope of “reckless indifference,” even if not a “conscious intentional failure.” The relevant municipal officials are entrusted with the diligent.and responsible handling of taxpayer’s funds, including both funds to be received and funds to be returned to taxpayers by reason of overpayment of taxes. This court finds said failure to comply to be willful. Sanctions in the form of counsel fees are warranted in these matters.
*539 With respect to counsel fees, taxpayers’ counsel certifies the expenditure of six hours by Robert Giancaterino, Esq., charged at $250 per hour, and 13.3 hours by Saul A. Wolfe, Esq., charged at $300 per hour, which totals $5,490. Attached to the certification of services is a brief resume of each attorney detailing his background and expertise so as to justify the hourly fee. This court acknowledges that the municipality has not set forth any argument to controvert taxpayers’ claim that the fees incurred were reasonable and necessary. This court finds that said fees are appropriate.
An assessment of counsel fees against the municipality actually is an assessment of monies against all the taxpayers in the municipality. It is not the actual offending individuals that are required to pay these fees. This court finds that while the municipality should bear some responsibility for taxpayers’ legal costs, taxpayers should not be relieved of the entire burden. After considering these factors, this court finds that the municipality should pay 70% of ,the counsel fees incurred by taxpayers’ attorneys, which amounts to $3,843, and taxpayers should bear the remaining amount. The municipality, therefore, is required to pay the following sums:
(a) $3,843 as and for counsel fees, along with costs in the amount of $43;
(b) all previously ordered counsel fees not included in the requested $5,490;
(c) all interest due and owing to Marsar West and Trisun Realty as set forth hereinabove; and
(d) $398 to Mabrouck.
It is further ordered that since this court, by this determination, has decided the willfulness issue, the request by taxpayers to depose municipal officials is denied; any and all subpoenas are hereby quashed.

 This June 30, 1999 order re Marsar includes all docket numbers.

 In Arrow Manufacturing Co. v. West New York, the same municipality defendant resisted a similar application for sanctions by submitting certifications indicating that payments were not made because the municipality did not have *538 the funds and was required to enact bonding ordinances to obtain the necessary funds. This procedure required time so the municipality would be able to comply with all necessary statutes. At the conclusion, all amounts due were paid.