KAHN, J.T.C.
This is the court’s determination vsdth respect to a remand order from the Appellate Division of the Superior Court.
This determination involves taxpayers’ application for counsel fees and costs incurred by reason of the municipality’s alleged willful failure to pay to taxpayers refunds resulting from the entry of judgments against the municipality.
*576 This court denied taxpayers’ application for fees and costs by orders dated February 25, 1998 and March 3, 1998. Taxpayers sought reconsideration of said order at which time the municipality cross moved for fees and costs for defending the application. This court, by order of July 6, 1998, denied taxpayers’ motion for reconsideration and granted the municipality’s cross motion for sanctions and awarded the municipality $773.43 as and for counsel fees against taxpayers’ counsel.[1]
On appeal, the Appellate Division specifically stated:
We therefore reverse that portion of the court’s order of July 6, 1998, awarding a sanction of $773.43 against plaintiffs counsel. Further, we remand the matter to the Tax Court for determination of plaintiffs’ request for counsel fees in light of the principles we have enunciated.
[Arrow Mfg. Co., v. West New York, 321 N.J.Super. 596, 600, 729 A.2d 1061 (App.Div.1999).]
On remand, taxpayers seek reimbursement as follows:
A. Preparing and filing twelve original enforcement motions (fees and costs of $4,455.17).
B. Filing and prosecuting the consolidated appeal before the Appellate Division (fees totaling $8,799).[2]
C. Preparing and filing application for reconsideration (fees $1,785.45).
D. Preparation for remand hearing (fees and costs $1,534.05).
The total of all fees and costs sought by taxpayers herein is $16,573.67.
The remand hearing took place on November 19, 1999. No further testimony was taken so that essentially the hearing involved oral argument. In advance of the remand hearing, the municipality submitted a certification of its administrator mainly dealing with the facts and circumstances surrounding the adoption *577 by the municipality of a bonding ordinance to obtain the funds to pay the subject judgment as well as others. The certification indicated that after settling the subject cases, the municipality realized that existing funds were insufficient to pay the agreed refunds and interest thereon. In July 1995 Ordinance was passed providing for the payment of Tax Court judgments for refunds in the amount of $1,650,000 believed to be sufficient to pay all outstanding judgments. That, however, was not the case. The certification details a number of other Tax Court judgments that could not be paid from the funds produced by Ordinance 31/95. On March 6, 1996 Ordinance was passed as a tax refunding bond ordinance in the amount of $4,000,000, which likewise proved insufficient.
In December 1997, Ordinance 41k, an additional tax refunding bond ordinance, was passed in the amount of $2,350,000. The ordinance was adopted in February 1998. Payments were thereafter made to taxpayers.
The above information set forth in the municipality’s certification was not presented to this court in certified form at the time of taxpayers’ original motion or at the time of the hearing on reconsideration. Counsel for municipality, at oral argument, discussed the need for a bonding ordinance to raise the necessary funds. The Appellate Division acknowledged that the municipality failed to provide this court with a certification of these facts which in fact led to the decision to remand the matter.
Nothing in the Appellate Division’s opinion appears to prevent this court from considering the municipality’s certification on remand. Accordingly, this court finds it appropriate to consider this certified information along with all other facts and circumstances previously submitted.
The only major delay between the time of judgment and payment was between August 1977, the date the judgments were entered, and December 1997, the date bonding ordinance 49/97 was passed. Presumably there were several readings of the ordinance prior thereto, a process necessary for valid ordinance adoption.
*578 R. 1:10-3 provides for relief to litigants wherein an adverse party has failed to comply with a judgment or order. In the comments applicable to R. 1:10-3, the Honorable Sylvia B. Pressler states as follows:
This rule, originally adopted as R. 1:10-5 and redesignated as R. 1:10-3.as part of the 1994 amendments, had been amended, effective September, 1984, to permit the court to award counsel fees for services rendered on the application to a successful movant. Although the general rule continues to require each party to bear his own counsel fees except as otherwise provided by R. 4:42-9, this amendment recognizes that as a matter of fundamental fairness, a party who wilfully fails to comply with an order or judgment entitling his adversary to litigant’s rights is properly chargeable with his adversary’s enforcement expenses. The authority to grant fees under this rule has, however, been held to apply only to violations of orders and judgments, not to settlement agreements that have not been so memorialized.
[Pressler, Current N.J. Court Rules, comment 5 on R. 1:10-3(2000).]
R. 1:1-1 indicates clearly that the rules in part one (which includes R. 1:10-3) are applicable to the Supreme Court, Superior Court, Tax Court, Surrogates Courts, and Municipal Courts. R. 1:10-3 itself does not exclude the Tax Court.
In East Wind Industries, Inc. v. United States of America, 196 F.3d 499, 507 (3d Cir.1999), the Third Circuit refers to United States v. Boyle, 469 U.S. 241, 245, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) (discussing IRC § 6651(A)(1)), which defines “willful neglect” as “a conscious, intentional failure or reckless indifference.”
If the municipality is at fault, it' is because there was no indication that the municipality attempted to communicate its financial difficulties to taxpayers directly or to their attorney. This lack of consideration does not rise to the level of willfulness, and certainly is neither a conscious intentional failure nor reckless indifference. Since strict procedures are required by our statutes in the'process of adopting bonding ordinances, delays are inevitable.
For the reasons hereinabove stated, taxpayers’ motion for counsel fees, costs, and sanctions is denied.

 The order of July 6, 1998 was based on this court's written opinion of June 12, 1998.

 By order of July 19, 1999, taxpayers received permission from the Appellate Division to seek counsel fees and costs for appellate services pursuant to R. 2:11-4(c).