PER CURIAM.
The twelve appellants, all taxpayers in the Township of West New York, filed appeals of their local property tax assessments for tax years ranging from 1994 through 1997. While the tax appeals were finally resolved by the parties in a manner that called for each of the taxpayers to receive a refund, the Township, in the view of the taxpayers, did not issue the refunds in a timely manner.
The refunds, in round numbers, ranged in amount from more than $25,000 to $680. The great majority of the judgments entered as a result of the settlements were filed in July and August 1997, although one was entered as early as January 1997. The parties recognized that the Township would require some time to complete the details attendant to paying these refunds and included in the settlements a provision waiving the taxpayers’ entitlement to interest under N.J.S.A. 54:3-27.2 provided the refunds were paid within sixty days.
Eventually, after the passage of some months, counsel for the taxpayers filed applications in aid of litigants’ rights under R. 1:10-3, which were not heard until February 1998. The Tax Court judge entered orders directing that the refunds be paid by a date certain but denied counsel fees on the grounds that R. 1:10-3 was not applicable to proceedings in the Tax Court. Further, when the taxpayers sought reconsideration, the Tax Court judge imposed sanctions against the taxpayers for filing a frivolous motion. The taxpayers appealed and we vacated the sanctions and reversed and remanded for further proceedings. Arrow Mfg. Co. v. West New York, 321 N.J.Super. 596, 729 A.2d 1061 (App.Div.1999). Following entry of our opinion, the taxpayers’ counsel filed a motion for counsel fees for services in connection with that appeal; we did not decide the merits of the application but directed the taxpayers to apply to the Tax Court pursuant to R. 2:ll-4(c).
The parties then appeared before the Tax Court judge to argue the merits of the several applications. Before the hearing on remand, the Township submitted certifications setting forth the financial difficulties which had confronted the Township. After *203 the hearing, the Tax Court judge denied the applications for any and all counsel fees in connection with the original hearing, the remand hearing, and the appeal.
Taxpayers have again appealed. They argue that the Tax Court judge erred when he permitted the Township to submit additional material, beyond that contained in the record at the time of the original R. 1:10-3 hearing; that even if the submissions were proper, they did not justify the denial of counsel fees; and that the taxpayers were entitled to an award of counsel fees in connection with the original appeal. Taxpayers request that we set the quantum of the award ourselves rather than again remand the matter to the Tax Court.
Initially, we reject the taxpayers’ argument that the scope of the hearing on remand could not be expanded beyond the material originally submitted to the Tax Court judge. Nothing within our opinion restricted the remand hearing in such a manner. And, despite taxpayers’ assertion to the contrary, the law of the case doctrine is wholly inapplicable to the instant situation. That principle is based on the “sound policy that when an issue is once litigated and decided during the course of a particular case, that decision should be the end of the matter.” State v. Hale, 127 N.J.Super. 407, 410, 317 A.2d 731 (App.Div.1974). We did not hold in our earlier decision that taxpayers, as a matter of law, were entitled to an award of counsel fees; we merely decided the procedural question whether R. 1:10-3 was applicable to the Tax Court and left the substantive question whether counsel fees were warranted to be decided on remand.
Within his written opinion, the Tax Court judge noted his conclusion that the Township had not “willfully neglected” to pay the refunds and thus that the taxpayers were not entitled to an award of counsel fees. He based that conclusion on the material contained within the Township’s additional submissions, which set forth in some detail the financial woes confronting the Township. We decline to overturn the conclusion that there had not been a willful failure on the part of the Township to pay these refunds.[1] *204 We are, nonetheless; of the opinion that the taxpayers were entitled to some award of counsel fees in this matter.
The original appeal in this matter and the hearing on the remand were necessitated by the Township’s “complete failure to comply with the bare mínimums of motion practice.” Arrow, supra, 321 N.J.Super, at 599, 729 A.2d 1061. The Township’s failure in this regard required the taxpayers’ counsel to perform significant additional work on behalf of his clients.
In light of the conclusion of the Tax Court judge that the Township did not intentionally delay the payment of these refunds, we have determined that it would be inappropriate to award counsel fees for the work performed in connection with the original applications in aid of litigants’ rights. We also decline to award fees for the services in connection with the motion for reconsideration, for counsel made a strategic election to file that motion rather than to proceed directly with the appeal. We consider it inappropriate to compel the Township to pay for those legal services. However, we are satisfied that the taxpayers are entitled to an award for the legal services rendered in connection with the fust appeal and with the remand hearing because, as we have noted, they were necessitated by the actions of the Township.
We agree with the taxpayers that there is no need to protract this matter further by again remanding it to the Tax Court judge for his consideration. We have reviewed in detail the affidavits of services submitted by the taxpayers’ counsel in which he seeks an award of $8,164.80, together with disbursements of $634.30 for services on appeal and $1,534.05 for services in connection with the remand hearing. We have no quarrel with the quantum of the request, but we must remain cognizant that any award of fees will become the responsibility of the Township’s already burdened taxpayers, including counsel’s own clients. We therefore hold the Township responsible for payment of a counsel fee in the net *205 amount of $7,000, together with costs of $634.30. We remand the matter to the Tax Court for entry of an appropriate order.
Affirmed in part, reversed in part, and remanded.

 We note, however, that the certifications from the Township deal in large measure with the difficulties attendant to paying tax refunds in 1995 and 1996; *204 the refunds at issue, however, were based on settlements negotiated in 1997 and judgments entered mostly in July and August 1997. The record does not explain how the passage of a 1995 bond ordinance would have impacted the payment of these refunds.