KAHN, J.T.C.
This is the court’s decision with respect to the Town of Secau-cus’ motion for post-judgment modification of stipulations of settlement and legal fees and Petrie Retail Inc.’s cross-motion for statutory interest and legal fees. These motions concern four *359 judgments and two amended judgments previously entered by this court.
The underlying case involved eight previously settled separate tax appeals. The stipulations of settlement executed by the parties, however, included the following standard clause waiving statutory interest:
Statutory interest pursuant to N.J.S A. 54:3-27.2 having been waived by taxpayer, shall not be paid provided the tax refund is paid within 60 days of the date of entry of the Tax Court Judgment.
Ultimately, the judge sent directions, based on all of the stipulations, at the same time, to the Tax Court Administrator to enter all of the judgments. For various reasons, the judgments were not entered at the' same time. Four of the judgments were entered on September 1, 2000, two judgments, which became amended judgments,[1] were entered on September 11, 2000, and the final two judgments were entered on September 22, 2000.
There does not appear to be any dispute regarding the ensuing events. On or about September 25, 2000, taxpayer’s attorney communicated with the tax collector requesting that the refunds be placed in his trust account. In response, on September 28, taxpayer’s attorney was sent three vouchers. The payment vouchers, totaling $667,226.44, were executed and returned to the tax collector, who forwarded them to the municipality’s finance office sometime in mid-October, which was in time to obtain approval by the municipal council at its October 24, 2000 meeting. The $667,226.44 refund check, approved at that meeting, was printed on October 25, 2000. According to the certification of a municipal officer, however, there were insufficient funds to cover that particular check. Thus, the municipality held the check until November 1, 2000, when it received sufficient anticipated revenue from fourth quarter taxes. The check, which bore the metered date of November 2, 2000, was received by taxpayer on November *360 6, 2000, which was sixty-six days after the Tax Court judgments dated September 1, 2000.[2]
There are presently two issues before this court. Is taxpayer entitled to statutory interest pursuant to N.J.S.A. 54:3-27.2? That result notwithstanding, the court must then determine whether to award either party counsel fees.

I. Statutory Interest

First, this court must determine whether taxpayer is entitled to statutory interest on any of the aforementioned judgments, pursuant to N.J.S.A. 54:3-27.2, which provides:
In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess tax paid, together with interest thereon from the date of payment at a rate of 5% per annum, less any amount of taxes, interest, or both which may be applied against delinquencies ... within 60 days of the date of final judgment.
[N.J.S.A. 54:3-27.2.]
Taxpayer contends it is entitled to statutory interest on judgments entered on both September 1 and September 11, 2000,[3] because the refunds as to those judgments were not paid within sixty days of entiy of judgment. With respect to the judgments entered on September 1, taxpayer merely points out that it did not receive the refund until November 6, 2000, which is clearly outside the sixty-day period. With respect to the later judgments, which were amended and entered on September 11, 2000, taxpayer urges this court to relate the judgment date back to the date of the first judgments, which would have the effect of commencing the sixty-day period on September 1, instead of September 11. In sum, taxpayer contends that it is entitled to interest in the amount of $117,666.73[4] on the following six refunds:
*361 Docket No. 2343-96 $ 47,387.41
Docket No. 5095-94 $125,233.38
Docket No. 3742-95 $114,975.12
Docket No. 2342-96 $109,062.22
Docket No. 444-97 $ 94,103.79
Docket No. 84-98 $ 79,161.69
The municipality raises several arguments in its defense. First, the municipality argues that all eight judgments should be treated as a single package, pointing to the fact that one refund check was issued for all eight judgments. From this, the municipality concludes that the sixty-day period should commence on September 22, 2000, which was the date the final two judgments were entered by the Tax Court. Second, the municipality contends the sixty-day waiver of interest provision is not meant to be strictly enforced, because it is nothing more than a boilerplate provision included in all settlements, intended to be used as a guide. More specifically, the municipality describes the sixty-day grace period as a “soft” sixty days, which allows for a grace period of a couple of days. Thus, the court should invoke its equitable jurisdiction to extend the waiver of interest provision. Third, the municipality argues that, even if the court rejects all of its other arguments, interest should not be granted on the amended judgments entered on September 11, 2000, because taxpayer’s November 6, 2000 receipt of the refund was clearly within the sixty-day period.

A. Timeliness

The essence of the municipality’s first two claims is that the refund was made in a timely manner. In support of this contention it makes two arguments. First, the municipality argues that the application of R. 1:3-3, dealing with three days for mailing would place all of the judgments, including those entered on September 1, 2000, within the scope of the sixty-day period because there is evidence that the refund was mailed on Novem *362 ber 2, 2000. Adding the three mailing days to October 30, 2000 would result in a sixty-three day period inclusive of November 3, 2000. Second, the municipality argues that all of the judgments should be treated as a single package with the sixty-day period commencing on September 22, 2000, which is the date the final two judgments were entered.
In this case, taxpayer is entitled to relief whether the statute refers to the date of mailing or receipt, because the refund herein was both mailed and received more than sixty days after the date of judgment.
Moreover, this court also rejects the municipality’s notion that all eight judgments should be treated as a single package, because it directly contradicts the language of the statute. That language specifically uses the date of “final judgment” as the commencement date of the sixty-day period. A contrary holding would create ambiguity in determining a commencement date and require this court to make an independent finding every time a municipality owes a taxpayer refunds for multiple years or parcels. This type of endeavor would not only promote unnecessary delay, it runs contrary to the purpose of N.J.S.A. 54:3-27.2.
Thus, this court holds the final judgments entered on September 1,2000 necessitated the refund to be paid and received by taxpayer’s counsel on or before October 31, 2000.

B. Equity

In the alternative, the municipality asks this court to utilize its equitable jurisdiction to determine that the refund was paid in time. N.J.S.A. ¡54:3-27.2 requires a municipality to refund any excess taxes together with any interest within sixty days of the date of a final judgment to a successful taxpayer in an appeal from a real property tax assessment. The interest is calculated at a rate of 5% per annum from the date of payment of the tax to the date of payment of the refund. See New York Life Ins. Co. v. Lyndhurst Tp., 280 N.J.Super., 387, 390, 655 A.2d 481 (App.Div.), certif. denied, 142 N.J. 457, 663 A.2d 1363 (1995). Taxpayers are entitled to such interest whether the judgment resulted from *363 either a plenary trial or a settlement. See Arrow Mfg. Co. v. West New York, 321 N.J.Super. 596, 598, 729 A.2d 1061 (App.Div.1999); Waterview Village-Community Realty Management v. Ventnor City, 4 N.J.Tax 262, 267-68 (Tax 1982).
Moreover, this court recognizes New Jersey’s strong public policy toward settling litigation and enforcing settlements. See Jannarone v. W.T. Co., 65 N.J.Super. 472, 168 A.2d 72 (App.Div.), certif. denied, 35 N.J. 61, 171 A.2d 147 (1961). In light of this policy, settlements before the Tax Court are typically considered binding contracts. See Nolan v. Lee Ho, 120 N.J. 465, 472, 577 A.2d 143 (1990).
Considering the clear language of N.J.S.A. 54:3-27.2 and the aforementioned policy toward settlement, this court is hesitant to use its equitable jurisdiction to enlarge the sixty-day period. See 9W Contractors, Inc. v. Englewood Cliffs Bor., 176 N.J.Super. 603, 609, 1 N.J.Tax 465, 424 A.2d 461 (Tax 1980).[5] Moreover, this court finds that the sixty-day waiver of interest provision is a significant part of the stipulation of settlement and must be honored as written. The fact that this provision may be deemed boilerplate and was not subject to much negotiation does not diminish the fact that taxpayer, by way of that provision, is giving up a significant right of interest it would otherwise be entitled to receive under the statute, in the hope that payment will be made in a prompt fashion. Finally, it is also important to mention that *364 the provision currently in issue does not include language relaxing the sixty-day payment of refund requirement. While the Tax Court may have some right to apply equitable principles, this right does not apply to changing an agreement executed by two parties. This court denies the municipality’s request to apply equitable principles to enlarge the sixty-day requirement. Thus, this court finds that taxpayer is entitled to statutory interest on the four final judgments entered on September 1, 2000.

C. Amended Judgments

The municipality’s final argument is that it should not have to pay interest on the two amended judgments, dated September 11, 2000, because the refund was clearly paid within sixty days of the date the final judgment was entered. This court is required to use the date of entry of a final judgment when determining commencement of the sixty-day period articulated in N.J.S.A. 54:3-27.2. See New York Life Ins. Co. v. Lyndhurst Tp., supra, 280 N.J.Super. 387, 655 A.2d 481.[6] Thus, it will use September 11, 2000, the date on which the amended judgments were entered, as the commencement date. In light of this determination, taxpayer’s motion for interest is denied with regard to these judgments, in that the November 6, 2000 refund was clearly within the time contemplated by settlement.

II. Legal Fees

The final issue is whether this court should grant either party’s motion for counsel fees. Generally, R. 1:10-3 allows the court, in its discretion, to “make an allowance for counsel fees to be paid by any party to the action to a party accorded relief under this rule.” See Trisun Corp. v. West New York, 18 N.J.Tax 533, 537 (Tax 2000), appeal filed, A-3938-99T5 (March 30, 2000). (R. 1:1-1 provides that Rule 1:10-3 would be applicable to matters in *365 the Tax Court of New Jersey, and no provision of R. 1:10 exempts the Tax Court from its scope). This court typically will only grant counsel fees where one party can show “a conscious, intentional failure or reckless indifference” on behalf of the other party. Id. at 538. Thus, in order to impose such fees in the present case, taxpayer must show that the municipality’s failure to comply with the sixty-day grace period was the result of “carelessness, reckless indifference, [or] intentional failure.” Ibid.
This court’s finding that a refund which was paid several days late voids the agreement to waive the statutory right to collect interest does not automatically impose counsel fees for same. The right to collect interest is a matter mandated by both the unambiguous terms of the settlement before this court and N.J.S.A. 54:3-27.2, while the collection of fees requires a showing of some culpability of a party. From the facts presented, this court cannot conclude that the municipality intended to be late, tried to be late, or attempted to abridge the rights of taxpayer in any way. Taxpayer has made no showing of the aforementioned factors which would warrant that this court require the municipality to pay any or all of taxpayer’s fees and costs. Thus, taxpayer’s claim for counsel fees is denied.

Conclusion

For the aforementioned reasons, the municipality’s motion to amend the settlement stipulations is denied. Taxpayer’s motion for statutory interest is denied in part and granted in part. Moreover, both cross-motions for attorney’s fees are denied. Taxpayer is entitled to statutory interest on the following four judgments entered on September 1, 2000, to be calculated at a rate of 5% per annum from the date of payment of the tax to the date of payment of the refund:
Docket No. 2343-96 $ 47,387.41
Docket No. 2342-96 $109,062.22
Docket No. 447-97 $ 94,131.65
Docket No. 84-98 $ 79,161.79
Taxpayer shall submit an order consistent with this opinion pursuant to the five-day rule.

 Amended judgments were required to correct the actual name of plaintiff-taxpayer, which was incorrectly designated as Hartz Mountain Pet Care in the caption. Plaintiff notified the Tax Court Management Ofiice of this error on September 6, 2000, and the Case Information Statement was amended.

 Sixty clays from September 1, 2000 is October 31, 2000.

 Taxpayer makes no claim with respect to those judgments dated September 22, 2000.

 The interest in question begins to accrue when the taxpayer initially pays the tax, not at the commencement of the sixty-day period. Thus, where an appeal consists of several years, with interest accruing the entire time, it is not *361 uncommon for the total amount of interest to be a substantial figure. See New York Life Ins. Co v Lyndhurst Tp., 280 N J.Super. 387, 655 A.2d 481 (App.Div.), certif. denied, 142 N J. 457, 663 A.2d 1363 (1995).

 There, the court distinguished a previous Appellate Division decision which did use the principles of equity to enlarge the period of time before interest would accrue to seventy-live days, on the ground that the decision came down before the statute was amended to its recent form. After declining to apply similar equitable principles to enlarge the sixty-day time period mandated by the statute, the court explained, “In 1967 the court in 713 Co. v, Jersey City, supra[, 94 N J.Super 210, 227 A 2d 530 (1967)], did not have the benefit of the provisions of N J.S.A. 54:3-27.2 which provide for a 60 day period to make such payments and thus allowed a 75 day period for such action. With the adoption of N.J S.A 54:3-27.2 the legislature obviously concluded that 60 days constituted a reasonable period within which the municipality should act. It is not for this court to disagree with that conclusion 9W Contractors, Inc. v. Englewood Cliffs Bor, supra, 176 N J Super at 618, 1 N.J.Tax 465, 424 A 2d 461 (distinguished on other grounds by New York Life Ins. Co. v. Lyndhurst Tp., supra, 280 N J.Super. 387, 655 A.2d 481).

 The holding of City of Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950), is distinguishable on the grounds that it specifically dealt with amended judgments regarding the time within which an appeal can be taken. Id. at 492-93, 70 A.2d 733. That issue is not currently before this court.