775 A.2d 642

TRISUN CORP., PLAINTIFF–APPELLANT, v. TOWN OF WEST NEW YORK, DEFENDANT–RESPONDENT.

MARSAR WEST ASSOCIATES, PLAINTIFF–APPELLANT, v. TOWN OF WEST NEW YORK, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 7, 2001—Decided June 29, 2001.

Before Judges WEFING, CUFF and LISA [1].

*Saul A. Wolfe* argued the cause for appellants (*Skoloff & Wolfe*, attorneys; *Mr. Wolfe* of counsel; *Mr. Wolfe* and *Garry J. Roettger*, on the brief).

*Joseph Richard Mariniello* argued the cause for respondent (*Mariniello & Mariniello*, attorneys; *Mr. Mariniello*, on the brief).

The opinion of the court was delivered by

---

[1] Judge Lisa did not participate in oral argument. However, the parties have consented to his participation in the decision.

WEFING, J.A.D.

In *Arrow Manufacturing Co. v. West New York,* 321 *N.J.Super.* 596, 729 *A.*2d 1061 (App.Div.1999), we held that the Tax Court is empowered to award counsel fees in connection with an application in aid of litigant's rights under *R.* 1:10–3. We are now asked to consider whether the Tax Court is authorized to impose sanctions in connection with an application in aid of litigant's rights under *R.* 1:10–3. We conclude that it is so authorized and reverse and remand for further proceedings.

Just as in *Arrow Manufacturing,* we and the Tax Court have been called upon to deal with some of the legal consequences of the financial difficulties in which West New York found itself after a large number of its taxpayers were successful in prosecuting property tax appeals. The municipality lacked the funds to pay the refunds that were due in light of the number of judgments that had been entered in favor of the taxpayers.

This matter involves different taxpayers and different counsel than were involved in the *Arrow Manufacturing* matter but the delays are similar. Some eighty judgments were entered in the Tax Court, some as far back as December 1997. Although the Town made certain partial payments, full payment was not received until February 2000. The taxpayers made repeated efforts to obtain satisfaction, and the Tax Court judge entered a series of orders directing payment by a date certain. When these orders were not complied with, the taxpayers filed a motion seeking sanctions for each day the Town did not comply. Although the Tax Court judge characterized the Town's failure to pay as "willful", he declined to impose sanctions against it. In addition, the Tax Court judge did not award to taxpayers' counsel the full measure of counsel fees sought.

Taxpayers argue on appeal that sanctions should have been imposed upon the municipality in light of the conclusion of the Tax Court judge that the municipality's delay was "willful" and that the Tax Court judge erred in the award of counsel fees. The

Town argues that both decisions were appropriate exercises of the judge's discretion.

We have no doubt that the Tax Court is vested with full authority to impose sanctions in an appropriate case. Such a conclusion follows inescapably from our analysis in *Arrow Manufacturing, supra,* in which we held that the Tax Court "must possess the power to enforce its own judgments." 321 *N.J.Super.* at 599, 729 *A.*2d 1061. The power to impose sanctions is inherent in the authority of a court. *Ritter v. Clinton House Restaurant,* 64 *F.Supp.*2d 374 (D.N.J.1999).

Not all power that is possessed must be exercised, however. We decline, particularly at this juncture, to conclude that sanctions should be imposed against the Town. Several factors inform our judgment. There is no doubt that any sanctions would ultimately have to be paid by the taxpayers of the municipality, who bear none of the responsibility for the delays. Any sanctions, moreover, would only add to the Town's fiscal woes, making it even more difficult for it to bring its financial affairs into good order.

Finally, we cannot disregard the fact that payment has, in fact, been received. The matter was before the Tax Court judge on an application in aid of litigant's rights. In such a context, an award of sanctions "is an entirely proper tool to compel compliance with a court order." *Franklin Twp. v. Quakertown,* 274 *N.J.Super.* 47, 55, 643 *A.*2d 34 (App.Div.1994). An award of sanctions now would be in the nature of a punishment for past non-compliance and thus could not be considered as being in aid of litigant's rights. We thus affirm the denial of sanctions.

We are, however, compelled to note our dismay at the extended delay which occurred in this matter. Our dismay is only heightened by the finding of the Tax Court judge that it was "willful." We trust this is the last such appeal that will come before us.

Finally, we turn to the question of counsel fees. We adopt the terminology of the parties who have referred to the claims as the

*"Trisun"* matter and the *"Marsar West"* matter. Taxpayers' counsel divided his efforts into those attributable to the "Trisun" matter and those attributable to the "Marsar West" matter. We concur with taxpayers' counsel that it is apparent that the Tax Court judge disregarded, apparently inadvertently, the legal services allocated to "Marsar West" when he awarded a counsel fee of $3,843. We decline to set an appropriate fee award ourselves and thus remand the matter to the Tax Court judge. We are sensitive to the extensive delays that have been experienced in this matter, and we thus direct that the Tax Court judge conclude the matter within thirty days of this opinion. If the parties wish to appear before him to argue their respective views as to an appropriate award of counsel fees, they shall be permitted to do so.

Affirmed in part and remanded in part. We do not retain jurisdiction.