831 A.2d 106

PETRIE RETAIL, INC., PLAINTIFF–APPELLANT, CROSS–
RESPONDENT, v. TOWN OF SECAUCUS, DEFENDANT–
RESPONDENT, CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 8, 2003—Decided February 21, 2003.

Before Judges KING, WEFING and WECKER.

*Richard B. Nashel*, argued the cause for appellant (*Nashel* and *Nashel*, attorneys; *Mr. Nashel*, on the brief).

*Paul Tannenbaum*, argued the cause for respondent (*Zipp & Tannenbaum*, attorneys; *Peter J. Zipp* and *Mr. Tannenbaum*, on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

Plaintiff Petrie Retail, Inc. appeals from the Tax Court's June 13, 2001 order which denied it interest on certain refunds paid by defendant Secaucus, as well as attorney's fees and costs. The defendant cross-appeals from the order which imposed certain interest payments on it. The Tax Court's decision appears at 19 *N.J.Tax* 356 (2001). We affirm.

These cases involve six of eight separate tax appeals which the parties had settled. *Id.* at 359. Each of the stipulations of settlement contained a standard clause waiving plaintiff's right to

statutory interest pursuant to *N.J.S.A.* 54:3–27.2[1] "provided the tax refund is paid within 60 days of the date of entry of the Tax Court Judgment." *Ibid.*

The judge sent directions, based on the stipulations, to the Tax Court Administrator to enter all of the judgments. For several reasons, the judgments were not entered at the same time. Six of the judgments were entered on September 1, 2000; two of these judgments were amended and were again entered on September 11, 2000; and two other judgments were not entered until September 22, 2000. The amended judgments entered on September 11, 2000 in two cases (# 5095 and # 3742) were required to correct the name of the plaintiff taxpayer, incorrectly designated as Hartz Mountain Pet Care in the caption. Four of the judgments were dated September 1, 2002 and were never amended or otherwise dated. (Numbers 002342, 000447, 000084, and 002343).

On October 24, 2000 the Secaucus municipal council approved a refund totaling $667,226.44. A refund check in that amount was printed the next day. Because there were insufficient funds to cover the check, it was held until November 1 and mailed on November 2. Plaintiff received the check on November 6, sixty-six days after September 1. From September 1 to October 31 was sixty days.

Plaintiff requested statutory interest at 5% on the amounts owed under the six original September 1 judgments. Defendant balked at this request and moved for post-judgment modification of the stipulations of settlement and for legal fees. Plaintiff cross-moved for statutory interest and legal fees.

---

[1] *N.J.S.A.* 54:3–27.2 states:

In the event that a taxpayer is successful in an appeal from an assessment on real property, the respective taxing district shall refund any excess taxes paid, together with interest thereon from the date of payment at a rate of 5% per annum, less any amount of taxes, interest, or both, which may be applied against delinquencies pursuant to P.L.1983, c. 137 (C. 54:4–134), within 60 days of the date of final judgment.

Defendant argued that all of the judgments should have been considered as one unit or a single package because only one refund check was issued. As such, the sixty-day period should have started on September 22, the date the final two of the eight judgments were entered. Defendant also argued that the sixty-day waiver provision was "boilerplate," not intended for strict enforcement but merely as a guide for timely payment. Because the grace period allegedly was a "soft" sixty days, defendant asked the Tax Court "to invoke its equitable jurisdiction to extend the waiver of interest provision." *Id.* at 361. Defendant also argues that interest should not be allowed on the two September 11 amended judgments because the November 6 actual receipt of the refund was within sixty days of the date of entry. The total refund due on these judgments was $240,208.50.

The Tax Court judge rejected all but the last argument. *Id.* at 361–64. The judge calculated the sixty-day period from September 11, the date these amended judgments were entered. Receipt of the refund on November 11 was timely as to these two judgments and within the sixty-day period. He properly concluded that the statutory "final judgment" language controlled respecting payment of interest, *see N.J.S.A.* 54:3–27.2. We agree, especially where the taxing authority was not at fault in preparing the initially inaccurate judgments dated September 1.

As to counsel fees, the judge said that an award would be appropriate if defendant's failure to comply with the sixty-day grace period was the "result of 'carelessness, reckless indifference, [or] intentional failure.'" *Id.* at 365 (quoting *Trisun Corp. v. Town of W. New York*, 18 *N.J.Tax* 533, 537 (2000), *aff'd in part* and *rev'd in part*, 341 *N.J.Super.* 556, 775 *A.*2d 642 (App.Div. 2001)). The judge ruled in the case before us that:

From the facts presented, this court cannot conclude that the municipality intended to be late, tried to be late, or attempted to abridge the rights of taxpayer in any way. Taxpayer has made no showing of the aforementioned factors which would warrant that this court require the municipality to pay any or all of taxpayer's fees and costs.

[*Petrie Retail, Inc.,* 19 *N.J.Tax* at 365.]

We agree with this reasoning.

Plaintiff filed a notice of appeal from the portions of the June 13 order which denied it interest on the two amended judgments, the two judgments of September 22, and attorneys' fees. Defendant has cross-appealed from the portion of the June 13 order awarding interest on the four September 1 judgments.

Plaintiff stresses that the defective captions in two appeals under the amended judgment of September 11 had been corrected already by court order on March 2, 1998. Thus, the September 11 amendment of two of the judgments was necessitated by a clerical mistake in the court clerk's office. The plaintiff urges that the September 11 amended judgments were actually in force when first entered on September 1. Moreover, the tax court judge must have overlooked the September 1 date when he calculated the commencement of the sixty-day period.

On the issue of counsel fees, plaintiff argues it is entitled under *R.* 1:10–3, *R.* 2:11–4, and *R.* 4:42–9(a)(7). Plaintiff urges that defendant's post-judgment motion to modify the stipulations of settlement was frivolous because its obligation was plainly evident from the terms of the stipulations. Defendant's breach of its obligation, followed by its frivolous attempt to avoid paying was "on its face an intentional and willful act." Finally, plaintiff, now in bankruptcy, argues that if it is successful on appeal, we should order defendant to pay interest on the interest from the time the interest payment was first due through the time the payment is made.

In sum, the trial court judge found that defendant owed interest on four of the judgments, those entered on September 1, but not on the other four—two entered on September 11 and two on September 22—because payment on them had been received within sixty days. We see no basis to relieve defendant Secaucus of its contractual undertaking with respect to the four judgments clearly and effectively entered on September 1. We find no

support in the record or in our jurisprudence for the defendant's assertion that the sixty days did not start to run until all judgments were effectively entered, or as of September 22. If this had been included in the settlement terms, our view might differ. Also, neither the involvement of public money nor the failure of plaintiff's counsel to warn defendant's counsel of the impending deadline relieves Secaucus of its contractual obligations.

We also reject plaintiff's contention that it is entitled to interest on the two judgments entered on September 11. In fact, Secaucus could not have processed a voucher in favor of Petrie until the final judgment reflected Petrie's name, rather than Hartz. There is no dispute that the September 22 judgments were paid within sixty days and no interest is due on them. *See Petrie Retail, Inc.*, 19 *N.J.Tax* at 360, n. 3.

Finally, we reject any claim by plaintiff for "interest on interest," and by both parties for counsel fees. *See Trisun Corp. v. Town of W. New York*, 341 *N.J.Super.* at 558–59, 775 *A.*2d at 643–44. We perceive no willful or obstinate infringement of either parties' rights by the other in this circumstance which might justify additional interest or an award of counsel fees, nor does the statute contemplate "interest on interest."

Affirmed on the appeal and the cross-appeal.